[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Although this appeal has been placed on the accelerated calendar, this court has elected to issue a full opinion pursuant to Loc.R. 12(5).
Defendant-Appellant, Shelly L. August, appeals a judgment of the Municipal Court of Findlay, Hancock County, Ohio, denying her motion to suppress the results of a chemical breath test for the reason that a motion in limine, rather than a motion to suppress, is the appropriate vehicle to use when arguing that the Ohio Department of Health ("ODH") employed faulty procedures for the approval of calibration solution. For the following reasons, we reverse the judgment of the trial court.
On August 24, 1997, Appellant was stopped by law enforcement officers and subsequently given a breathalyzer test due to the suspicion that Appellant was operating a vehicle under the influence of alcohol. The test determined that Appellant had an alcohol content of .191 grams per 210 liters of breath. Appellant was arrested and charged with driving under the influence of alcohol, a violation of R.C. 4511.19(A)(1) and driving with a prohibited breath-alcohol content, a violation of R.C.4511.19(A)(3).
On October 10, 1997, Appellant filed a motion to suppress evidence asserting that the officers lacked a reasonable and articulable suspicion to make the stop which led to the arrest. The results of the breath test were not raised in this motion. The trial court conducted a hearing on the matter and overruled Appellant's motion on December 12, 1997.
Prior to trial, on April 1, 1998, Appellant filed a motion requesting to substitute counsel. At the same time, Appellant filed a second motion to suppress, this time raising the issue of the admissibility of the chemical test. Appellant argued that ODH's approval of the calibration solution contained in batch number 96902 was untrustworthy and thus, the test results should be suppressed. In support of this argument, Appellant relied upon the statements of ODH Deputy Director, Chief Toxicologist and Chief of the Alcohol Testing Program, Dr. Craig Sutheimer, which were made during a deposition in another case.[1] Appellant also stated that she was prepared to offer the testimony of Dr. Alfred Staubus to demonstrate the erroneous approval of the calibration solution in batch number 96902.
On April 2, 1998, the trial court granted Appellant's motion to substitute counsel, but overruled the motion to suppress based upon the fact that Appellant had already filed such a motion. On April 14, 1998, Appellant filed a motion requesting the trial court to reconsider its decision regarding the suppression issue; Appellant also filed supplemental authority in support thereof.
On August 20, 1998, the trial court rendered a decision stating that it would reconsider its previous decision because the second motion to suppress raised a substantially different issue than the first. However, after such consideration, the court found that Appellant improperly used a motion to suppress to challenge admissibility of the test. The trial court stated that a motion in limine is the proper vehicle to challenge the validity of ODH's internal policies and approval procedures. Thus, Appellant's motion to suppress was overruled without a hearing and without consideration of the merits.
Thereafter, although the court afforded Appellant the opportunity, Appellant chose not to file a motion in limine. Instead, on August 27, 1998, Appellant pled no contest to a violation of R.C. 4511.19(A)(3) and was found guilty.[2] The instant appeal followed wherein Appellant asserts two assignments of error for our consideration. For the sake of clarity, we will address Appellant's second assignment of error first.
 Assignment of Error II The trial court erred in holding a Motion to Suppress was not the proper vehicle to challenge an error in the Ohio Department of Health certificate.
In Defiance v. Kretz (1991), 60 Ohio St.3d 1, the Supreme Court of Ohio addressed the issue of whether a motion to suppress is the appropriate procedural mechanism for a defendant charged with a violation of R.C. 4511.19(A)(3) who is seeking to challenge the validity of breath test results because of non-compliance with ODH regulations. The court answered in the affirmative.
Although a motion to suppress is traditionally reserved for situations where a defendant argues that certain evidence was taken in violation of a constitutional right, and thus must be excluded, the Kretz court stated that such a distinction "does not work as a bright-line rule where the motion to suppress is directed to breathalyzer test results based on a failure to comply with ODH regulations." Id. at 4. Furthermore, since the admissibility of the breath test is pivotal in that it will essentially destroy either the State's or the defendant's case, depending upon the outcome of the suppression hearing, the Kretz
court stated that its holding would serve judicial economy because neither party would be forced to go through a futile trial on an issue that could have been decided earlier in the proceedings.Id.
It is important to note that the Supreme Court of Ohio has limited the Kretz holding through subsequent cases such as Hillardv. Elfrink (1996), 77 Ohio St.3d 155, where the court reiterated its holding in State v. Myers[3] and ruled that a motion to suppress is an improper method of challenging the validity of a breath test based upon the fact that the police failed to inform a defendant that he has a statutory right to have an independent chemical test administered. See, also State v. Droste (1998),83 Ohio St.3d 36, where the court held that a motion to suppress cannot be used in an attempt to exclude the results of a chemical or field sobriety test because a liquor control investigator conducted the initial traffic stop, outside the scope of his statutory authority.
Although the Supreme Court of Ohio has limited the Kretz
decision, we find that the case sub judice fits well within the permissible use of a motion to suppress. Here, Appellant was charged with a violation of R.C. 4511.19(A)(3). The purpose of the second motion to suppress was to challenge the validity of the breath test because of an allegation that the ODH employed faulty procedures to approve the calibration solution. Although the ODH is not bound by specific methods for the approval of calibration solution[4], we are convinced that a challenge of any internal policies and procedures is virtually the same as alleging a failure to comply with a specific ODH regulation because if the internal policies and procedures are proved faulty to the extent that Appellant was prejudiced, the result will be suppression of the breath test. Thus, we find that Appellant's motion to suppress was properly filed. Accordingly, Appellant's second assignment of error is sustained.
 Assignment of Error I The trial court erred by improperly denying the Defendant a hearing on the Motion to Suppress.
As was previously stated, we have found that Appellant's motion to suppress was procedurally correct. We must now decide whether a hearing on this motion was warranted. Relevant case law states that a hearing on a motion to suppress is not automatic. In State v. Shindler (1994), 70 Ohio St.3d 54, 58, the Supreme Court of Ohio ruled that a trial court is not required to conduct a hearing on a motion to suppress unless the defendant places the court and prosecutor on notice of the issues by stating the legal and factual arguments with "sufficient particularity." See, alsoXenia v. Wallace (1988), 37 Ohio St.3d 216; Crim.R. 47.
In the case at bar, we are convinced that Appellant complied with the mandates of Shindler. Appellant filed a motion and a memorandum explaining his contention that the ODH's approval of the calibration solution contained in batch number 96902 was untrustworthy based upon the prior scientific testimony of an ODH top employee. We find that Appellant's motion was specific enough to inform all parties, including the court, of the crux of the arguments regarding suppression. Therefore, since Appellant's motion to suppress was properly filed and set forth sufficient facts to define the issue, Appellant was entitled to a hearing and we are convinced that the trial court erred in failing to conduct such a proceeding. Appellant's first assignment of error is sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we vacate Appellant's sentence, reverse the judgment of the trial court and remand the matter for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
 SHAW, P.J., and BRYANT, J., concur.
[1] State v. Beardsley, Marietta Municipal Court No. 97-TRC-4176-01.
[2] The R.C. 4511.19(A)(1) charge was dismissed.
[3] State v. Myers (1971), 26 Ohio St.2d 190.
[4] See O.A.C. 3701-53-04(A)(4) which states only that "[a]n instrument shall be checked using an instrument check solution containing ethyl alcohol approved by the director of health."