CITY OF DEFIANCE, APPELLEE, *v.* KRETZ, APPELLANT.
CITY OF DEFIANCE, APPELLEE, *v.* STAFFORD, APPELLANT.

[Cite as Defiance *v.* Kretz (1991), 60 Ohio St. 3d 1.]

(Nos. 90-761 and 90-762—Submitted February 19, 1991—
Decided May 15, 1991.)

*John T. Rohrs III,* city law director, for appellee.

*Arthur, O'Neil & Mertz Co., L.P.A.,* and *E. Charles Bates,* for appellants.

*J. Anthony Sawyer, Vincent P. Popp* and *John Scaccia,* urging reversal for *amicus curiae,* Ohio Municipal League.

*Barbara Farnbacher* and *Harry R. Reinhart,* urging reversal for *amicus curiae,* Ohio Association of Criminal Defense Lawyers.

H. BROWN, J. This case requires us to decide whether a pretrial motion to suppress followed by a no contest plea is a proper procedural mechanism by which a defendant, charged with a violation of R.C. 4511.19(A)(3), may challenge the results of a breathalyzer

test based on an alleged failure to comply with Ohio Department of Health ("ODH") regulations. For the reasons which follow, we hold that it is and reverse the court of appeals.

In substance, Defiance Traffic Code Section 434.01(a) is identical to R.C. 4511.19(A). Because the local ordinance is patterned after R.C. 4511.19, our analysis refers to R.C. 4511.19 and the relevant case law interpreting that statute.

R.C. 4511.19 provides in part:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

"* * *

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath[.]"

R.C. 4511.19 is a strict liability statute. *State* v. *Cleary* (1986), 22 Ohio St. 3d 198, 199, 22 OBR 351, 490 N.E. 2d 574, 575. See, also, *Newark* v. *Lucas* (1988), 40 Ohio St. 3d 100, 103, 532 N.E. 2d 130, 133; *State* v. *Tanner* (1984), 15 Ohio St. 3d 1, 6, 15 OBR 1, 5, 472 N.E. 2d 689, 693. In R.C. 4511.19(A)(3) the General Assembly defined the point at which an individual can no longer drive without being a substantial danger to himself and others. *Tanner, supra.* In determining whether the defendant committed the *per se* offense, the trier of fact is not required to find that the defendant operated a vehicle while under the influence of alcohol or drugs, but only that the defendant's chemical test reading was at the prescribed level and that the defendant operated a vehicle within the state. *Newark, supra.* The accuracy of the test results is a critical issue in determining a defendant's guilt or innocence.

The admissibility of test results to establish alcoholic concentration under R.C. 4511.19 turns on substantial compliance with ODH regulations.[1] *State* v. *Plummer* (1986), 22 Ohio St. 3d 292, 294, 22 OBR 461, 463-464, 490 N.E. 2d 902, 905; *Cincinnati* v. *Sand* (1975), 43 Ohio St. 2d 79, 87, 72 O.O. 2d 44, 48, 330 N.E. 2d 908, 912-913. See, also, *State* v. *Dickerson* (1986), 25 Ohio St. 3d 64, 66, 25 OBR 86, 88, 495 N.E. 2d 6, 8; *State* v. *Steele* (1977), 52 Ohio St. 2d 187, 192, 6 O.O. 3d 418, 421, 370 N.E. 2d 740, 743; *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 140, 146, 38 O.O. 2d 366, 369, 224 N.E. 2d 343, 347.

We must now decide whether a motion to suppress is a proper pretrial motion for challenging the admissibility of breathalyzer test results.

Crim. R. 12 and Traf. R. 11 address pretrial procedures. Crim. R. 12(B) and Traf. R. 11(B) provide that "* * * [a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before [* * *] trial by motion. [* * *] The following [* * *] must be raised before trial: * * * Motions to suppress evidence * * *." Further, Crim. R. 12(H) and Traf. R. 11(G) provide that "[t]he plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a

---

[1] R.C. 4511.19(D) requires that a defendant's blood, breath, or urine "be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code." R.C. 3701.143 in turn provides that the Director of Health set forth techniques or methods for determining the amount of alcohol in a person's blood when chemically analyzing blood, breath, or urine. The director also determines the qualifications of persons performing the chemical analysis and issues permits to them. See Ohio Adm. Code Chapter 3701-53.

pretrial motion, including a pretrial motion to suppress evidence.'' The intent of these rules is to determine matters before trial when possible.

In both cases below, the court of appeals held that the pretrial rulings on the motions to suppress were preliminary rulings on evidentiary matters which could only be ruled upon with finality when the matter arose at trial. The appellate court found waiver because the defendants pled no contest and no trial took place.

We do not agree. During the pretrial hearing on a motion to suppress breathalyzer test results, the court hears all the relevant evidence on the issue of admissibility. As stated, admissibility of the results turns on substantial compliance with ODH regulations. After ruling on the motion, the only issue left for determination at trial is whether the defendant was operating a vehicle in the state of Ohio — an issue irrelevant to the test's admissibility. Therefore, the trial court's ruling on the defendants' motions in the cases *sub judice* was not a liminal motion.

A motion in limine is tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial. In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted. *State* v. *Grubb* (1986), 28 Ohio St. 3d 199, 201-202, 28 OBR 285, 288, 503 N.E. 2d 142, 145.

The court of appeals reasoned that a ruling on a preliminary motion, though labeled a motion to suppress, could not be appealed (absent a final ruling at trial) unless the motion presented a constitutional challenge. However, the traditional distinction between a motion to suppress based upon a constitutional challenge and a motion in limine does not work as a bright-line rule where the motion to suppress is directed to breathalyzer test results based on a failure to comply with ODH regulations.

In *State* v. *Davidson* (1985), 17 Ohio St. 3d 132, 17 OBR 277, 477 N.E. 2d 1141, we recognized that a pretrial motion labeled in limine was the functional equivalent of a motion to suppress where it "renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." *Id.* at syllabus. A pretrial challenge to a breathalyzer test, if granted, destroys the state's case under R.C. 4511.19(A)(3), and the state is permitted to appeal pursuant to R.C. 2945.67 and Crim. R. 12(J).

Similarly, the defense to a charge under R.C. 4511.19(A)(3) is destroyed where the breathalyzer test result is declared valid after a pretrial challenge. If the defendant pleads no contest after such a ruling, judicial economy will be served by appeal of the pivotal issue rather than forcing the defendant through a futile trial.[2] The defendant must, of course, enter a plea of no contest and a judgment must be rendered or there would be no final appealable order.[3]

---

[2] At oral argument counsel for both the state and the defendants urged us to adopt a rule which permits the appeal of pretrial rulings on breathalyzer test results where the defendant subsequently enters a no contest plea.

[3] In this, the defendant's right to appeal a pretrial ruling differs from that accorded to the prosecution pursuant to R.C. 2945.67 and Crim. R. 12(J).

We hold, therefore, that a pretrial motion to suppress is the proper procedure for challenging breathalyzer test results when the defendant is charged with a violation of R.C. 4511.19(A)(3). A plea of no contest does not waive a defendant's appeal from an adverse ruling on the motion.

Accordingly, we reverse the judgments of the court of appeals and remand the causes to that court for consideration of the defendants' appeals on the merits.

*Judgments reversed and causes remanded.*

MOYER, C.J., SWEENEY, DOUGLAS and WRIGHT, JJ., concur.

HOLMES and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I must respectfully dissent from the holding of the majority that "[a] motion to suppress is a proper pretrial procedure for challenging breathalyzer test results * * *."

Repeatedly, this court has held that R.C. 4511.191 is constitutional and the proceedings thereunder are civil and administrative in nature, and are independent of any criminal proceedings which may be instituted. *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111, 54 O.O. 2d 254, 267 N.E. 2d 311, at paragraph one of the syllabus; *State* v. *Starnes* (1970), 21 Ohio St. 2d 38, 50 O.O. 2d 84, 254 N.E. 2d 675. It also has been held that one accused of intoxication has no constitutional right to refuse to take a reasonably reliable chemical test for intoxication. See *Schmerber* v. *California* (1966), 384 U.S. 757, 771.

The accuracy of the test results may be a critical issue in determining a defendant's guilt or innocence, but it does not involve constitutional issues which would be the basis of a motion to suppress. Rather, issues relating to the breathalyzer test are entirely statutory or administrative in nature. Such issues should not be raised by means of a pretrial motion to suppress. The issue of whether the test was reasonably reliable clearly goes to the weight of the evidence sought to be excluded, rather than admissibility based upon the constitutionality of the means by which it was obtained.

Additionally, Crim. R. 12(B) provides in pertinent part: "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised before trial: * * * (3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. * * *" Thus if it were alleged that the authorities did something to violate appellant's constitutional rights, such as compelling him to submit to the test by means of force or threat of force, then a motion to suppress would be the proper vehicle, *i.e.*, a violation of appellant's constitutional rights would be in question. A motion to suppress should challenge the means by which evidence is acquired and not the competency of the evidence. Based on the facts of this case the sole allegation is that the machine was not operating properly. This merely concerns an administrative or statutory infraction. In order for the exclusionary rule to apply, a violation of a right must proceed and result in the acquisition of the evidence sought to be excluded. As the United States Supreme Court stated in *Michigan* v. *Tucker* (1974), 417 U.S. 433, 447, "[t]he deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged

in willful, or at the very least negligent, conduct which has deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the rights of an accused."

Under the situation in the present case, appellants did not have a constitutional right to refuse to take the test. There is no allegation that the police engaged in "willful, or at the very least negligent, conduct" which deprived them of some constitutional right. *Tucker, supra.* Appellants have totally failed to show how their constitutional rights have been violated. We held in *Kettering* v. *Hollen* (1980), 64 Ohio St. 2d 232, 235, 18 O.O. 3d 435, 437, 416 N.E. 2d 598, 600, that "[i]t is clear from these cases that the exclusionary rule will not ordinarily be applied to evidence which is the product of police conduct violative of state law but not violative of constitutional rights." Mere alleged malfunction of a breathalyzer machine should not be the subject of a motion to suppress. By reason of the foregoing, I would affirm the judgments below.

HOLMES, J., concurs in the foregoing dissenting opinion.