OPINION
Appellant herein was charged with driving under the influence in violation of R.C. 4511.19(A)(3). Appellee filed a motion to suppress the breath test result. A hearing was held on January 13, 1998. Dr. Craig Anthony Sutheimer testified he personally visited the site of the manufacturer of the batch solution known as 97010. He opined the manufacturer's testing procedure, although scientifically accurate, was insufficient from a theoretical point of view to set a true target. T. at 22. The trial court found the proper vehicle to test the calibration solution certificate supporting a particular batch was a Motion in Limine or a motion pursuant to Evid.R. 403(A). The trial court denied the motion in limine/suppress finding the appellant had failed to establish any legal or factual basis which would make either the test result . . . or the certificate "inadmissable" and that the admission of the evidence would not be unfairly prejudicial under Evid.R. 403(A).
Subsequently, appellant entered a no contest plea to the charge. The trial court found appellant guilty and sentenced her accordingly.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IF FOUND THE DEFENDANT'S MOTION TO SUPPRESS THE BLOOD ALCOHOL RESULTS TO BE A PRELIMINARY EVIDENTIARY MOTION AND RULED AS IF SAID MOTION WAS A MOTION IN LIMINE RATHER THAN A MOTION TO SUPPRESS.
 II THE TRIAL COURT ERRED IN NOT SUPPRESSING THE BLOOD ALCOHOL TEST RESULTS BECAUSE THE OHIO DEPARTMENT OF HEALTH WITNESS TESTIFIED TO MATTERS THAT ARE HERESAY (SIC) AND DO NOT QUALIFY UNDER ANY RECOGNIZED EXCEPTION TO THE HERESAY (SIC) RULE.
 I
Appellant claims the trial court erred in treating the motion as a motion in limine. We disagree with the conclusion that the trial court treated it as a motion in limine.
By the specific language of the decision of the trial court, it is termed a denial of a motion in limine/suppress. The only indication that the trial court did not treat it as a motion to suppress was the requirement that the appellant proceed in the prosecution of the issue by presenting Dr. Sutheimer on direct and placing the burden upon appellant to prove the evidence was inadmissible or unduly prejudicial.
The trial court decision to require appellant to proceed did not effect the outcome of the issue sub judice, but this should not be our sole guide. In City of Defiance v. Kretz (1991)60 Ohio St.3d 1, the Supreme Court of Ohio sanctioned the Motion to Suppress as a proper vehicle to attack the admission of a breathalyzer test.
 `This case requires us to decide whether a pretrial motion to suppress followed by a no contest plea is a proper procedural mechanism by which a defendant, charged with a violation of R.C. 4511.19(A)(3), may challenge the results of a breathalyzer (*3) test based on an alleged failure to comply with Ohio Department of Health ("ODH") regulations. * * *'
Further we have sanctioned the extension of Kretz to issues similar to the issues raised sub judice. Based upon our decision in Assignment of Error II, we overruled this assignment of error.
 II
Appellant claims the trial court erred in rejecting her motion. We disagree.
Dr. Sutheimer's concerns were with the establishment of "target values" by the laboratory in question. After his review of the laboratory testing techniques, a protocol was established for the manufacturer. Despite Dr. Sutheimer's ruminations about proper target selling, the batch sub judice when tested by the Department of Health and it met all of the new standards. He opined there was nothing wrong with batch number 97010. T. at 30.
In State v. David B. Sebach (September 25, 1998), Knox App. No. 97CA24, unreported, and State v. Saundra M. Miracle (September 25, 1998), Knox App. No. 97CA25, unreported, wherein this court upheld the results of the datamaster tests stating as follows:
 The Department of Health qualifies a batch of calibration solutions by using its own procedures and affirms that the testing samples fall within the manufacturer's target concentration value. Once the Department of Health makes that quality assurance determination, it is not necessary to know the manufacturer's procedures. Further, the Department of Health's five percent deviation standard is not per se unreasonable or unconscionable.
In light of our decisions in Sebach and Miracle, we find the trial court did not err in not suppressing the breath test result.
Appellant claims Dr. Sutheimer's testimony was based upon hearsay, however, there was no objection to his testimony.
Appellant presented the witness and initiated the testimony she now characterizes as hearsay. We find the appellant has waived any error with respect to admission of Dr. Sutheimer's testimony. Accordingly, we overrule appellant's second Assignment of Error. The judgment of the Coshocton Municipal Court of Coshocton County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Hoffman, J. concur.
 Concurring Opinion