I concur in the majority's decision to overrule appellant's first assignment of error. However, I would do so for different reasons.
The trial court discussed with both counsel whether the motion was liminal or one of suppression. Defense counsel stated "It could be a motion in limine, Judge. That is possible" and informed the court he (defense counsel) "* * * had assumed it was our burden." (1-13-98 Hearing Transcript, p. 5-6). Appellant never objected to the manner the hearing was to protocol and, as demonstrated supra, acquiesced in the manner it did proceed. Accordingly, I would overrule this assignment of error on the basis of waiver and/or the invited error doctrine.
Unlike the majority, I agree with the trial court appellant's challenge to the breathalyzer was not the proper subject of a motion to suppress. Unlike City of Defiance v. Kretz (1991)60 Ohio St.3d 1, appellant is not challenging the test result on the grounds of failure to comply with the Ohio Department of Health Regulations. Rather, appellant challenges the Ohio Department of Health's policy of accepting the target values established by the manufacturer of the calibration solution, I agree with the trial court that such challenge goes to the credibility of the evidence, not its admissibility. As such, it is the proper subject of a motion in limine but not a motion to suppress.[1]
JUDGE WILLIAM B. HOFFMAN.
[1] Though this court may have "sanctioned the extension of two issues similar to the issues raised sub judice" (Maj. Op. at 3), this is the first time the issue of the proper vehicle to assert this challenge has been raised in this court.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed.