I concur in part with the majority's opinion in Assignment of Error I.
I find by the specific language of the decision of the trial court, the decision is termed a denial of a motion in limine/suppress. The only indication that the trial court did not treat it as a motion to suppress was the requirement that the appellant proceed in the prosecution of the issue by presenting Dr. Sutheimer on direct and placing the burden upon appellant to prove the evidence was inadmissible or unduly prejudicial.
The trial court decision to require appellant to proceed did not effect the outcome of the issue sub judice, but this should not be our sole guide. In City of Defiance v. Kretz (1991)60 Ohio St.3d 1, the Supreme Court of Ohio sanctioned the Motion to Suppress as a proper vehicle to attack the admission of a breathalyzer test.
 `This case requires us to decide whether a pretrial motion to suppress followed by a no contest plea is a proper procedural mechanism by which a defendant, charged with a violation of R.C. 4511.19(A)(3), may challenge the results of a breathalyzer (*3) test based on an alleged failure to comply with Ohio Department of Health ("ODH") regulations. * * *'
I find this court sanctioned the extension of Kretz to issues similar to the issues raised sub judice.
JUDGE SHEILA G. FARMER.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed. Costs assessed to appellant.