OPINION
Elizabeth Harp appeals a judgment of the Municipal Court of Coshocton County, Ohio, convicting and sentencing her for driving with a prohibited blood alcohol level, in violation of R.C.4511.19, after she pled no contest. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THE DEFENDANT'S MOTION TO SUPPRESS THE BLOOD ALCOHOL RESULTS TO BE A PRELIMINARY EVIDENTIARY MOTION AND RULED AS IF SAID MOTION WAS A MOTION IN LIMINE RATHER THAN A MOTION TO SUPPRESS.
 II. THE TRIAL COURT ERRED IN NOT SUPPRESSING THE BLOOD ALCOHOL TEST RESULTS BECAUSE THE OHIO DEPARTMENT OF HEALTH WITNESS TESTIFIED TO MATTERS THAT ARE HEARSAY AND DO NOT QUALIFY UNDER ANY RECOGNIZED EXCEPTION TO THE HEARSAY RULE.
Appellant moved to suppress the BAC test results, arguing the calibration solution certificate supporting the batch used to calibrate the breathalyzer prior to the test was not accurate. The trial court treated the motion as motion in limine, rather than a motion to suppress. Thereafter, the court overruled appellant's motion.
 I
The trial court found appellant's motion to suppress was an inappropriate vehicle to determine the admissibility of the BAC test results, and held instead the motion was a motion in limine
to preclude the State from producing evidence of the test results. The court held a motion in limine was more appropriate because the challenge to the test results was based upon the failure of the Ohio Department of Health to follow internal protocols, rather than challenging the regulations themselves.
In City of Defiance v. Kretz (1991), 60 Ohio St.3d 1, the Ohio Supreme Court held: a motion to suppress is a proper pre-trial procedure for challenging the breathalyzer test results when the defendant is charged with a violation of R.C. 4511.19(A)(3). A plea of no contest does not waive a defendant's appeal from an adverse ruling on the motion. In Kretz, the Supreme Court reversed the holding of the Court of Appeals of Defiance County, which held a motion to suppress was inappropriate, and treated the motion as a motion in limine. The Supreme Court cited its earlier holding in State v. Davidson (1985), 17 Ohio St.3d 132, where the Supreme Court found a pre-trial motion labeled "motion in limine"
was the functional equivalent of a motion to suppress if it renders the State's proof with respect to the pending charge so weak in its entirety that the State has lost any reasonable possibility of effectively prosecuting the defendant. A successful pre-trial challenge to a breathalyzer test destroys the State's case under R.C. 4511.19(A)(3), while an unsuccessful challenge destroys the defense to the charge. For this reason, the Supreme Court held a pre-trial motion to suppress was the appropriate vehicle for challenging the breathalyzer evidence offered in support of a prosecution for violation of R.C. 4511.19(A)(3).
In a strong dissent, Justice Resnick noted a motion to suppress should challenge the means by which the evidence is acquired, not the competency of the evidence, Kretz at 5.
The State points out the court conducted a discussion with both counsel as to whether the motion was a motion in limine or a motion to suppress. Defense counsel conceded on the record it could be treated as a motion in limine, and asserted the defense was prepared to proceed in that mode. Appellant did not object to the motion being treated as a motion in limine. Further, the State argues no prejudice occurred because the only witness was Dr. Sutheimer and the court would have overruled the motion regardless of the form in which it heard the motion. The State also points out the nature of the hearing does not affect the case law or arguments made by either party.
We find, in obedience to Kretz, supra,a motion to suppress is the appropriate vehicle to challenge a BAC test. However, we agree with the State the ultimate outcome of this case is unaffected, and for this reason, the error was not prejudicial. Appellant's failure to object also waives any error.
The first assignment of error is overruled.
 II
In her second assignment of error, appellant argues Dr. Sutheimer testified to matters which were hearsay, and which should not have been admitted. Dr. Sutheimer was called as a defense witness, and appellant did not object to the testimony. His testimony disclosed the calibration solutions in question in the instant case were not reliable, citing State of Ohio v.Beardsley, (October 24, 1997), Marietta Municipal Ct. No. 97TRC4176, unreported wherein the Marietta Municipal Court suppressed the BAC tests. Dr. Sutheimer further testified, however, that efforts had been made to correct the testing protocols of the calibration solutions to remedy the deficiencies in the calibration process. Dr. Sutheimer acknowledged he did not participate in the actual testing process, nor did he have any personal knowledge of the qualifications of the persons who conducted the test.
In State v. Sebach (September 25, 1998), Knox Appellate No. 97CA24, unreported, this court found where the Department of Health qualifies a batch of calibration solution using its own procedure, and affirms the testing samples to be all within the manufacturer's target concentration value, it is unnecessary to review the manufacturer's procedures, and the Health Department's permissible five percent deviation standard is not per se
unreasonable or unconscionable.
In light of our decision in Sebach, the alleged hearsay is irrelevant to the case at bar.
We find the trial court did not err in finding the blood-alcohol test results were admissible in the State's case in chief.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal of Coshocton County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., concur, and Hoffman, J., concur, separately.