I concur in the majority's decision to overrule appellant's first assignment of error. However, I would do so for different reasons.
The trial court discussed with both counsel whether the motion was liminal or one of suppression. Defense counsel stated, "It could be a motion in limine, Judge. That is possible", and informed the court he (defense counsel) "* * * had assumed it was our burden." (1-13-98 Hearing Transcript, p. 5-6). Appellant never objected to the manner the hearing was to proceed and, as demonstrated supra, acquiesced in the manner it did proceed. Accordingly, I would overrule this assignment of error on the basis of waiver and/or the invited error doctrine.
Unlike the majority, I agree with the trial court appellant's challenge to the breathalyzer was not the proper subject of a motion to suppress. Unlike City of Defiance v. Kretz (1991)60 Ohio St.3d 1, appellant is not challenging the test result on the grounds of failure to comply with the Ohio Department of Health Regulations. Rather, appellant challenges the Ohio Department of Health's policy of accepting the target values established by the manufacturer of the calibration solution. I agree with the trial court such challenge goes to the credibility of the evidence, not its admissibility. As such, it is the proper subject of a motion in limine, but not a motion to suppress.
I further concur in the majority's decision to overrule appellant's second assignment of error. Unlike the majority, I do not find our decision in Sebach renders the alleged hearsay in this case irrelevant, but rather, assuming, arguendo, its admission was error, such error was not prejudicial based upon our decision in Sebach.
I would overrule appellant's second assignment of error on the basis of waiver as appellant did not object to the testimony.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Coshocton County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.