The STATE of Ohio, Appellee,

v.

BROERMAN, Appellant.

[Cite as *State v. Broerman* (1999), 132 Ohio App.3d 134.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–98–19.

Decided March 29, 1999.

*Tonya Thieman,* Shelby City Prosecutor, for appellee.

*William R. Zimmerman,* for appellant.

---

HADLEY, Judge.

This appeal is brought by Keith A. Broerman, appellant, from a judgment of the Sidney Municipal Court, overruling his motion *in limine,* which requested that the prosecutor be prohibited from introducing into evidence the results of his breath-alcohol test.[1]

The state of Ohio, appellee, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18(C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain that action. Appellant determined that a copy of the transcript of the proceedings was unnecessary. App.R. 9; Loc.R. 5.

Appellant provides the following facts. On March 14, 1998, appellant was stopped for a traffic offense. As a result of that stop, appellant was charged with driving under the influence of alcohol and driving with an illegal concentration of alcohol in his breath, R.C. 4511.19(A)(1) and (3). A test of appellant's breath-

---

**1.** Appellant's motion *in limine* was jointly filed with Charlotte K. Cooper and Darren T. Ruhenkamp. Cooper and Ruhenkamp are not parties to this appeal.

alcohol level showed .148 grams of alcohol per two hundred ten liters of his breath.

The calibration solution used to calibrate the breath analyzer before and after the test of the appellant's breath was from Batch No. 97220 and involved bottle numbers 1344 and 1358. The Director of Health of the Ohio Department of Health ("ODH") certified Batch No. 97220 on September 30, 1997 in accordance with Ohio Adm.Code 3701–53–04. Before trial, it was learned that the manufacturer had performed an insufficient number of tests on Batch No. 97220 to scientifically establish its target value. See *State v. Thomas* (June 19, 1998), Sidney M.C. Nos. 97TRC006653, 97TRC06751, 98TRC00438, 98TRC00601, and 98TRC00323, unreported.

Batch No. 97220 was reanalyzed on December 10, 1997, and found to contain a target value of .099. The Director of Health did not issue a new certificate of approval for Batch No. 97220 after the December 10, 1997 retest.

Appellant filed a motion *in limine* to prohibit the results of his breath test into evidence. No hearing was held on the issue; however, a stipulation of the operative facts was submitted to the trial court, which stated the following:

"1. The Alcohol batch or lot at issue herein is 97220; and

"2. Said batch was analyzed on July 29, 1997, and found to contain 1.204 mg/mL ethyl alcohol and was approved by the Director of Health of the Ohio Department of Health on September 30, 1997; and

"3. Said batch 97220 was further analyzed on December 10, 1997, and found to contain 1.205 mg/mL ethyl alcohol and the Director of Health of the Ohio Department of Health did not issue a certificate of approval (of batch 97220) after said test; and

"4. This Court [the trial court] has previously ruled that the July 29, 1997, analysis of batch 97220 did *not* substantially comply with OAC 3701 * * * [; and]

"5. Target value for both tests is the same, .099."

The trial court found that any problems regarding the batch had been resolved by the retesting and that issuing a new certificate would be merely duplicative. The trial court also found that the issue was more procedural than substantive and the ODH substantially complied with the required regulations. Thus, the trial court overruled appellant's motion *in limine.*

Appellant then entered a no contest plea to the charge of violating R.C. 4511.19(A)(1).[2] On October 7, 1998 appellant was convicted and sentenced by the trial court. Appellant now asserts the following assignment of error:

---

**2.** Appellant's charge of R.C. 4511.19(A)(3) was dismissed at the prosecutor's request.

"The trial court erred to the substantial prejudice of the appellant by finding that the Director of Health of the Ohio Department of Health need not issue a new certificate of approval upon the retest of a previously declared invalid test to substantially comply with Ohio Administrative Code Section 3701–53–04."

■ Under his assignment of error, appellant contends that the Director of Health was required to issue a new certificate after reanalyzing Batch No. 97220. Appellant further contends that the failure of the Director of Health to issue a new certificate required the trial court to grant appellant's motion *in limine* prohibiting the results of his breath test into evidence. For the following reasons, we do not find merit in appellant's argument.

■ Alcoholic concentration tests are admissible upon a showing of substantial compliance with the regulations of the Ohio Department of Health. *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 3, 573 N.E.2d 32, 34.

In *State v. Miller* (Dec. 15, 1998), Marion App. No. 9–98–42, unreported, 1998 WL 876812, we found that the Director of Health had the duty either to perform additional testing to ensure the reliability of the certificate for Batch No. 97220 or to recall the certificate for Batch No. 97220. The stipulated evidence in that matter reveals that the Director of Health did perform additional testing on Batch No. 97220. From the additional testing, we stated the following:

"[B]reathalyzer test results gathered from a machine calibrated using a solution of ethyl alcohol from batch numbers 97010 or 97220, originally approved by the director of health pursuant to the exercise of his discretion, *are reliable since it has been confirmed through subsequent scientific testing that these batches contain the amount of ethyl alcohol previously certified by the director of health* * * *." (Emphasis added.) *Miller, supra.*

We have found that "continued approval of that batch [Batch No. 97220] by the director of health was within his discretion." *State v. Melms* (1999), 131 Ohio App.3d 246, 722 N.E.2d 159. See, also, *State v. Carney* (Dec. 21, 1998), Marion App. No. 9–98–50, unreported, 1998 WL 901740.

As subsequent testing of Batch No. 97220 has demonstrated that the solution contains the amount of alcohol originally certified by the Director of Health in his certificate of approval, we find that the Director of Health was not required to recall the previously issued certificate. Accordingly, appellant has suffered no prejudice that would prohibit the appellee from entering into evidence the results of appellant's breath test.

We find that the trial court acted properly in overruling appellant's motion *in limine*. Appellant's assignment of error is therefore overruled.

*Judgment affirmed.*

SHAW and WALTERS, JJ., concur.