OPINION
Appellants, Mary F. Begeot and her son Bradley Begeot, appeal a decision of the Trumbull County Court of Common Pleas in a personal injury case involving an automobile accident. The following facts are relevant to a determination of this appeal.
On December 30, 1994, Mrs. Begeot was driving her 1990 GMC conversion van with her son, Bradley, as a passenger. They were traveling north on Mahoning Avenue in the City of Warren. Appellee, Ammar Izzat Al-Shafai, was driving a Nissan Sentra directly behind appellants. Just after crossing a set of railroad tracks, appellee's vehicle struck the back of Mrs. Begeot's van at a speed of no more than five m.p.h. There was little or no apparent damage to the van, while appellee's Nissan sustained a scratch on its hood where it scraped the bottom of the spare tire carrier which was mounted on the back of the van. None of the parties involved in the accident reported any immediate injuries. They exchanged information and left the scene without notifying the police.
According to Mrs. Begeot, she began experiencing headaches and neck pain later that day, but she did not seek medical treatment until a week later when she went to a chiropractor. This was the beginning of a prolonged course of treatment which resulted in over $12,000 in medical bills. The Begeot's medical insurer, Community Mutual, paid over $6,800 in medical bills which were allegedly attributable to the accident.
On December 16, 1996, appellants filed a complaint in the Trumbull County Court of Common Pleas against appellee based upon the personal injuries incurred in the motor vehicle accident. Immediately prior to the trial, appellants filed a motion inlimine seeking to preclude the introduction of evidence, testimony, or argument regarding the low speed and/or the relatively low level of force of impact of the collision. The trial court never ruled on appellants' motion which is the equivalent of overruling it. The matter proceeded to a jury trial commencing November 18, 1998.
At the conclusion of all evidence in the case, appellants moved for a directed verdict on the issues of negligence and causation. The trial court granted a directed verdict on negligence, but denied the motion as to causation, allowing the issue of causation to go to the jury. The jury returned verdicts in favor of both appellants, but awarded zero damages. The jury also found in favor of Community Mutual in the amount of $1,500. On November 20, 1998, the trial court entered judgment on the verdicts.
Subsequently, on December 3, 1998, appellants filed a motion for judgment notwithstanding the verdict pursuant to Civ.R. 50(B), and a motion for a new trial pursuant to Civ.R. 59. Upon denial of their motions by the trial court, appellants timely filed a notice of appeal. They now set forth the following assignments of error:
 "1. The trial court erred to the prejudice of Plaintiffs-Appellants in overruling the Motion for Directed Verdict on the issue of causation made at the close of all evidence and in refusing to grant a new trial for this reason."
 "2. The trial court erred in denying Plaintiff-Appellants' Motion in Limine thereby allowing into evidence testimony, photographs and argument of the minor impact and minor amount of damage to Plaintiff-Appellant's motor vehicle.
 "3. The trial court erred to the prejudice of Plaintiff-Appellants in denying the Motion for Judgment Notwithstanding the Verdict."
In the first assignment of error, appellants contend that the trial court erred in overruling their motion for a directed verdict on the issue of causation, and in refusing to grant a new trial for this reason.
Civ.R. 50(A)(4) provides:
 "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
In reviewing a motion for a directed verdict, when substantial evidence exists upon which reasonable minds might reach different conclusions, the motion for a directed verdict must be denied. Wagner v. RocheLaboratories (1996), 77 Ohio St.3d 116, 119.
It is appellants' contention that all of the evidence supported a conclusion that the automobile accident, which resulted from appellee's negligence, caused the injuries to Mrs. Begeot resulting in the medical bills for which reimbursement was sought. Appellants' expert witness, Mitchell Felder, M.D., a board certified neurologist, testified that he began treating Mrs. Begeot in August 1995. He diagnosed her with cervical disc herniation at C4-C5 and C5-C6, chronic pain syndrome, cervical myalgia and a sleep disorder, secondary to the motor vehicle accident. He further testified that all of her aforementioned health problems were caused by the car accident that occurred on December 30, 1994.
Appellee presented the expert testimony of James Brodell, M.D., an orthopedic surgeon, to present a different view of Mrs. Begeot's condition. Dr. Brodell did not examine Mrs. Begeot until April 6, 1998, almost three and one-half years after the accident. His testimony was much more equivocal than that of Dr. Felder. He first stated that Mrs. Begeot was not "suffering from any form of pathology or injury that would be related to trauma." He also stated that none of her records indicated any kind of physical injury and, further, that her disc herniations were not related to the 1994 car accident.
However, Dr. Brodell admitted that there probably was some injury as a result of the accident. Most likely, he opined that she had sprained her neck. He stated that such an injury would have probably required the use of a cervical collar for two or three days and that the symptoms commonly associated with that type of injury — aching, stiffness, and headaches — would have lasted two to three months.
In addition to the medical evidence, there was a plethora of evidence presented that may have had bearing on whether or not the accident caused any injuries to appellants. This included the low speed of the impact; the relative size of the vehicles involved in the collision; the lack of physical damage to appellant's van; the lack of immediate injuries to any of the parties; appellants' failure to seek any medical treatment until a week after the accident; and Mrs. Begeot's statement to the police on the day after the accident that neither she nor her son were injured in the accident.
Based upon the foregoing evidence, when it is construed against appellants as it must be in a directed verdict exercise, it is clear that there is more than one conclusion that can be reached on the issue of causation. Accordingly, the trial court properly denied appellants' motion and let the issue be decided by the trier of fact.
Appellants also argue that the trial court erred by refusing to grant a new trial due to its failure to grant a directed verdict on the issue of causation. Based upon our analysis and conclusion with respect to the propriety of denying appellants' motion for a directed verdict, this argument must necessarily fail. Appellants' first assignment of error is without merit.
In the second assignment of error, appellants assert that the trial court erred in denying their motion in limine to exclude evidence regarding the minor impact and minor damage resulting from the accident.
A review of the transcript, however, reveals that appellants never raised any objections during the course of the trial as to any of this evidence. It is well established that a motion in limine is only a preliminary ruling that cannot serve as a basis for error on appeal. Pena v. Northeast Ohio EmergencyAffiliates, Inc. (1995), 108 Ohio App.3d 96, 108; Defiance v.Kretz (1991), 60 Ohio St.3d 1, 4. The trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Id. Accordingly, in the case sub judice, appellants waived any claim of error on this ruling by failing to object to the disputed evidence when presented at trial.
Even if this issue was decided on its merits, however, appellants would not prevail as common sense tells us that evidence of a minor impact and minor damage is relevant to whether or not appellants were, in fact, injured in the collision. We also note that appellants' counsel withdrew this assignment of error at oral arguments. Appellants' second assignment of error is without merit.
In the third assignment of error, appellants submit that the trial court erred in denying their motion for judgment notwithstanding the verdict. Appellants' motion was based upon their contention that the verdict of zero damages was inadequate and not supported by the manifest weight of the evidence. Specifically, appellants claim that both medical experts agreed that Mrs. Begeot sustained at least some injuries from the accident, although they disagreed as to the extent of those injuries.
The standard of reviewing a judgment notwithstanding the verdict is the same as that applicable to a motion for a directed verdict. Posin v. A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271,275. The Supreme Court of Ohio has held:
 "The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions." Id. at 275. (Citations omitted.) See, also, Gladon v. Greater Cleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 318.
 However, while appellants assert that their third assignment of error involves the trial court's failure to grant their motion for judgment notwithstanding the verdict, a review of their appellate brief demonstrates that what they actually argue is that the jury's damage award was against the manifest weight of the evidence and should be reversed and a new trial ordered. We will address that argument as though it had properly been made the third assignment of error.
The standard of review in such an exercise has been stated as follows:
 "This court has previously held that in order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim." (Emphasis sic.) Bailey v. Allberry (1993), 88 Ohio App.3d 432, 435, citing Sharp v. Clark (May 20, 1992), Darke App. No. 1285, unreported, 1992 WL 107849.
 In the present case, it is undisputed that this was a low-speed impact that caused very little physical damage to the vehicles involved. Just how severe the injuries sustained by Mrs. Begeot were is definitely subject to dispute. However, appellants correctly claim that every single witness who testified regarding Mrs. Begeot's injuries agreed that she had, in fact, sustained at least some level of injuries. Mr. Begeot claimed that she had been injured, her doctor agreed, and appellee's expert witness also agreed. Even appellee's expert admitted that she would have required two to three months of treatment and medication. Thus, the evidence that Mrs. Begeot sustained injuries was undisputed and cannot be reconciled with the jury's damage award of zero dollars.
Accordingly, the trial court erred in not granting appellants' motion for a new trial as to Mrs. Begeot's injuries. Appellants' third assignment of error is sustained.
The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.
 __________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., concurs, CHRISTLEY, J., dissents with Dissenting Opinion.