OPINION
Deron Dean Pelfrey appeals from his conviction of operating a motor vehicle while under the influence of alcohol having been previously convicted of the same offense three times before within a six year period.
The facts underlying Pelfrey's conviction are set out in the trial court's findings made after Pelfrey's suppression was denied. They are as follows:
 "On May 22, 2001, Officer Mark White of the Sugarcreek Police Department was dispatched to Bayberry cove apartment complex. A resident called to complain of an individual pounding on her door. Officer White arrived and the Defendant, Deron Dean Pelfrey, was outside the residence, pounding loudly on the door. Officer White asked Defendant to accompany him to the parking lot at which time the officer proceeded to identify the Defendant and frisked him for weapons. At that time, Officer White noticed a heavy odor of alcohol on Defendant's person and noticed that he was `unsteady on his feet.' Officer White inquired as to whether Defendant had been drinking; Defendant indicated that he had. Officer White proceeded to administer the horizontal gaze and the nystagmus (HGN) test. The Defendant could not follow the pen for the entire test period. Officer White concluded that Defendant was unable to complete the test and arrested him for Disorderly Conduct for public intoxication. The officer took the Defendant to the police station, where the Defendant remained for approximately one hour and forty minutes.
Prior to releasing the Defendant, the officer instructed him not to drive. The Defendant subsequently called for a taxi and left the station. The officer returned to Bayberry Cove Apartment Complex where he observed the Defendant get out of the taxi and into a pick up truck. The officer radioed another officer, Officer Leslie Stayer to stop the vehicle. Officer Stayer had observed the Defendant at the police station, where she noticed a strong odor of alcohol. After the call from Officer White and subsequent to observing the Defendant make a wide right turn, Officer Stayer stopped the vehicle. Shortly Officer White arrived at the scene. Defendant gave no inclination that he recognized Officer White, whom he had just seen 20 minutes ago. Officer White then administered field sobriety tests, all of which Defendant failed. He was then arrested for Driving Under the Influence."
Appellant contends in his first and third assignments of error that the trial court erred in not suppressing two field sobriety test which were administered by the police to him and used as a basis to prosecute him. He also contends in his second assignment that the police did not have probable cause to arrest him for the indicted offense.
Pelfrey's pre-trial suppression motion sought to suppress the observations of the arresting officer made after Pelfrey performed certain sobriety tests. There is no indication Pelfrey took a breathalyzer test after he was arrested. In Defiance v. Kretz (1991),60 Ohio St.3d 1, the Ohio Supreme Court held that a motion to suppress is a proper pretrial procedure for challenging breathalyzer test results when the defendant is charged with a violation of R.C. 4511.19(A)(3). The court held a plea of no contest does not waive a defendant's plea from an adverse ruling on the motion. We assume a suppression motion may be used to challenge the admission of field sobriety tests as well. See, State v. Homan (2000), 89 Ohio St.3d 421.
In Homan, the Supreme Court held that for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures. The court noted in Homan that the small margins of error that characterize field sobriety tests make strict compliance critical. The court noted that the HGN test is not the only field sobriety test that requires special care in its administration, but even the seemingly straight forward one-leg-stand test requires precise administration.
Officer Leslie Strayer testified she stopped Pelfrey's automobile after she saw him pull out of the Bayberry Cove Apartments at the behest of Officer White. She testified she observed Officer White administer the HGN test to Pelfrey and she admitted that she did not recall seeing White repeat the HGN procedure as required by the National Highway Traffic Safety Administration (NHTSA) Student Manual. (Tr. 50). She also admitted that neither she nor Officer White timed the one-leg-stand to determine if he completed it successfully within thirty seconds. (Tr. 53).
The trial court admitted in evidence the NHTSA Student Manual and the manual confirmed Officer Strayer's testimony that HGN test is to be repeated and the One-Leg-Stand Test is to be "timed" by the administering officer or other observing officer. Accordingly, the trial court erred in denying Pelfrey's motion to suppress these two sobriety test results.
On cross-examination, Officer Strayer testified that Pelfrey had no problem giving her his license and registration. (Tr. 51). She said the strong odor of alcohol she had smelled earlier in the morning on Pelfrey when he was arrested for public intoxication now was a moderate odor. She said she observed no slurred or mumbled speech from Pelfrey. (Tr. 39). She also did not testify that Pelfrey's eyes were bloodshot.
Officer White admitted on cross-examination that he could not recall that Pelfrey had any difficulty walking out of the police station and entering the cab and exiting at the Bayberry Cove Apartments. (Tr. 23, 24).
We agree with the trial court that Officer Strayer possessed articulable suspicion to stop Pelfrey's automobile and to require him to undergo field sobriety tests. We need not determine whether other evidence existed to support Pelfrey's arrest as no evidence to support Pelfrey's conviction was obtained after he was arrested. Whether Pelfrey can be convicted on the evidence remaining after the field sobriety tests have been suppressed is problematical. The appellant's first and third assignments of error are sustained. His second assignment of error is overruled.
The judgment of the trial court is Reversed and Remanded for further proceedings.
WOLFF, PJ., and YOUNG, J., concur.