OPINION
{¶ 1} This is an accelerated appeal taken from a final judgment of the Portage County Municipal Court, Ravenna Division. Appellant, Claude J. Perreault, appeals from his conviction for driving with a prohibited breath-alcohol content, in violation of R.C. 4511.19(A)(3).
 {¶ 2} On January 6, 2000, at approximately 10:00 p.m., appellant was stopped for swerving by Deputy Gary Hoffman ("Deputy Hoffman"), of the Portage County Sheriff's Office. Appellant admitted he had consumed "a few beers." Deputy Hoffman detected a strong and distinct odor of alcohol and observed that appellant had difficulty maintaining his balance. As a result, Deputy Hoffman administered field sobriety tests.
 {¶ 3} Appellant was placed under arrest and taken to the Sheriff's Department at the Portage County Jail where a breath alcohol test ("BAC") was administered, yielding a result of .217 grams of alcohol per 210 liters of breath. Subsequently, appellant was charged with driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and driving with a prohibited breath-alcohol content, in violation of 4511.19(A)(3).
 {¶ 4} On January 7, 2000, appellant's counsel filed a motion for discovery and a motion to suppress: evidence obtained from the field sobriety and BAC DataMaster tests; statements made by appellant; and, the observations and opinions of the police officers.
 {¶ 5} At the hearing on the motion to suppress, which was held on February 5, 2001, the parties stipulated that the evidence derived from the field sobriety tests should be suppressed. The state introduced into evidence, as State's Exhibit A, all of the documentation in its possession regarding the results of the BAC DataMaster test. Appellant's counsel objected to the admission of State's Exhibit A, on the grounds that the BAC DataMaster documents were certified by two different custodians of records, to wit: Sergeant. J. Faddis ("Sergeant Faddis"), who certified Defendant's Exhibit 1, and Deputy Timothy Hudock ("Deputy Hudock"), who certified State's Exhibit A, and therefore, it was unclear who the custodian of records was. The court explained that the evidence showed that Deputy Hudock, was the custodian; however, when Deputy Hudock is unavailable Sergeant Faddis, the supervisor, acts as the custodian. Appellant did not specifically challenge the certification or authentication of the exhibit.
 {¶ 6} State's Exhibit A is comprised of a notarized affidavit by Deputy Hudock, custodian of BAC DataMaster records for the Portage County Sheriff's Department, attesting that each of the seven attached and specifically identified documents is a true and accurate copy of the original kept in his custody. The seven documents are: (1) alcohol calibration solution label from bottle number 1085; (2) Ohio Department of Health ("ODH") certificate of approval for instrument check solution for batch or lot number 99140, indicating a target reading of 0.099 grams of alcohol per 210 liters, plus or minus .005 liters; (3) BAC DataMaster instrument check form, dated January 4, 2000, for batch or lot number 99140, bottle number 1085, indicating a test result of O.96 grams of alcohol per 210 liters and the BAC DataMaster Evidence Ticket; (4) appellant's BAC DataMaster Test Report Form indicating a test result of 0.217 grams of alcohol per liters of breath and the BAC DataMaster Evidence Ticket; (5) BAC DataMaster instrument check form, dated January 10, 2000, for batch or lot number 99140, bottle number 1085, indicating a test result of O.95 grams of alcohol per 210 liters and the BAC DataMaster Evidence Ticket; (6) ODH operator certificate issued to Gary L. Hoffman; and, (7) ODH operator certificate issued to Timothy M. Murdock. State's Exhibit A, which contains the same documents as Defendant's Exhibit 1, was admitted into evidence.
 {¶ 7} Appellant's motion to suppress was denied, on February 8, 2001. On April 16, 2001, appellant pleaded no contest to operating a vehicle with a prohibited breath-alcohol content, in violation of R.C.4511.19(A)(3), and was found guilty thereof. The remaining charge was dismissed.
 {¶ 8} Appellant was sentenced to thirty days incarceration, which was suspended on condition that he complete the "72-hour DWI school" and have no alcohol related offenses for a period of two years. Appellant's driver's license was suspended for one hundred and eighty days, with credit given from the date of the administrative license suspension through the date of sentencing, and he was fined $300. Imposition of the sentence was stayed pending appeal.
 {¶ 9} From this judgment appellant raises the following assignment of error:
 {¶ 10} "[t]he trial court erred and abused its discretion in overruling defendant-appellant's motion to suppress the BAC DataMaster documents and test results, State Exhibit A."
 {¶ 11} In his sole assignment of error, appellant contends that two documents in Exhibit A, to wit: the alcohol calibration solution bottle number and the ODH certificate of approval for the instrument check solution, were improperly authenticated and, thus, inadmissible. The crux of appellant's argument is that State's Exhibit A was improperly authenticated because the documents contained therein were certified by a records custodian of the Portage County Sheriff's Department, not a records custodian of the ODH. Appellant further argues that the exhibit was improperly authenticated because Deputy Hudock, a records custodian of the Portage County Sheriff's Department and also the calibrating officer, did not testify at the suppression hearing. Appellant also contends that the DataMaster test calibrations and test results are unreliable because Deputy Hoffman incorrectly identified the testing solution bottle number.
 {¶ 12} Citing State v. Monsour (Dec. 5, 1997), 11th Dist. No. 96-P-0274, 1997 Ohio App. LEXIS 5466, at *5-6, appellant argues that because he is challenging the authenticity and admissibility of the tests, not the reliability thereof, the state was required to show strict compliance with the ODH regulations. As such, he argues, the trial court erred in relying on the legal standard of substantial compliance.
 {¶ 13} "The admissibility of test results to establish alcoholic concentration under R.C. 4511.19 turns on substantial compliance with ODH regulations." (Emphasis added) Defiance v. Kretz (1991), 60 Ohio St.3d 1,3. "Pursuant to the decision of the Supreme Court in [Kretz], after a defendant directly and specifically raises the issue of a test's reliability, the state is only required to prove substantial compliance with the Ohio Department of Health Regulations. Once the state demonstrates substantial compliance, the burden shifts to the defendant to show he was prejudiced by the state's failure to strictly comply with the regulations." State v. Starkey (Sept. 28, 1998), 11th Dist. No. 97-P-0098, 1998 Ohio App. LEXIS 4530 at *6; Monsour, supra, at *7. Accordingly, regardless of whether appellant challenged the test's reliability, or its authenticity and admissibility, the state was required to prove substantial compliance with the ODH regulations. Appellant's argument to the contrary is not supported by our decision inMonsour or the applicable case law.
 {¶ 14} Applying the foregoing to the instant case, we note that appellant failed to object to the authenticity and admissibility of the BAC Datamaster test results "directly and specifically." Although appellant's counsel specifically objected to the test results on the grounds that the prosecution had not demonstrated that the solution had been refrigerated, he failed to object on the grounds that the test results were improperly authenticated, and, therefore, inadmissible. When the prosecutor asked Det. Hoffman to state the result of BAC Datamaster calibration check, the following dialogue took place between appellant's counsel, Mr. Kane, and the court:
 {¶ 15} "MR. KANE: Object to that Judge.
 {¶ 16} "THE COURT: Why?
 {¶ 17} "MR. KANE: On the fact that I don't think there's been a proper foundation laid, without being real specific, as to the admissibility of the test result.
 {¶ 18} "THE COURT: Am I supposed to be like the people in Florida and try to figure out just from the message being sent over the air waves, or —
 {¶ 19} "MR. KANE: This is not Tallahassee, Florida. I am going to be specific, okay. No indication that this unit of solution was refrigerated when the test was run. I mean, not when the test was run, but that the solution was refrigerated."
 {¶ 20} Appellant's counsel's remaining objections to the BAC Datamaster test results were general, rather than specific, objections. For example, when the prosecutor asked Det. Hoffman if any radio frequency interference ("RFI") was detected during the test, appellant's counsel stated, "Object." This objection was overruled and Det. Hoffman responded that no RFI was detected.
 {¶ 21} Appellant's counsel also stated a general objection when the prosecutor asked Det. Hoffman to state the results of appellant's BAC test. The transcript reveals the following exchange between appellant's counsel and the court:
 {¶ 22} "MR. KANE: Object Your Honor.
 {¶ 23} "THE COURT: Basis, Mr. Kane?
 {¶ 24} "MR. KANE: Yes, Your Honor, proper foundation has not been laid.
 {¶ 25} "THE COURT: Okay. Tell me what part of the foundation wasn't laid, Mr. Kane.
 {¶ 26} "MR. KANE: Well from the beginning to the end wasn't laid with the exception of the question.
 {¶ 27} "THE COURT: Mr. Kane, you ought to write the standards for what is a valid vote. You are about as specific as they are. Can you be more specific? I can't read your mind, Mr. Kane.
 {¶ 28} "MR. KANE: Without giving away the input that I have in the way of the motion —
 {¶ 29} "THE COURT: That's not how it works, Mr. Kane. You have to tell me, if you feel you have a problem at this point, what the objection is, because I can't be a mind reader. We don't wait in the bushes here. If you have something they haven't done, that's fine. But you have to let me know what it is.
 {¶ 30} "MR. KANE: I have just a general objection which —"
 {¶ 31} Because appellant failed to challenge the authenticity and/or admissibility of the evidence presented regarding the alcohol calibration solution bottle number and the ODH certification of approval for the instrument check form, his arguments are waived. However, even if we apply a plain error standard, appellant's arguments fail.
 {¶ 32} This court has held that an ODH certificate, approving the alcohol test solution and its anticipated target result, is properly authenticated under Evid.R. 902(4) when, as in this case, a police department records custodian executes an affidavit attesting that the copy is a true and accurate copy of the original, which he has kept in his custody. See e.g., State v. McCardel (Sept. 28, 2001), 11th Dist. No. 2000-P-0092, 2001 Ohio App. LEXIS 4432 at *13.
 {¶ 33} It is evident that Deputy Hudock, a Portage County Sheriff's Department records custodian, specifically and accurately identified each of the seven documents contained in State's Exhibit A, and attested, in his affidavit, that each was a true and accurate copy of the original, which was kept in his custody. Accordingly, the certification of each of the documents in State's Exhibit A was properly authenticated pursuant to Evid.R. 902(4). We also note that each of these seven documents was certified in the same manner by Sergeant J. Phil Faddis, also a certified custodian of records for the Portage County Sheriff's Department, in Defendant's Exhibit 1. The arresting officer, Deputy Hoffman, testified that Deputy Hudock is the custodian of records and explained that when Deputy Hudock is unavailable, his supervisor, Sergeant Faddis, acts as the custodian of records. Deputy Hoffman also testified that State's Exhibit A and Defendant's Exhibit 1 are comprised of identical documents, but are simply collated in a different order.
 {¶ 34} In addition, the ODH certificates presented, approving the alcohol test solution used in this case and permitting Hoffman and Hudock to operate the BAC DataMaster, were "prima facie admissible as a copy of an original document under Evid.R. 1003; as a self-authenticating document under seal by the State of Ohio under Evid.R. 902(1) and 902(4); and as a properly authenticated document under Evid.R. 901(A)."State v. Starkey (Sept. 25, 1998), 11th Dist. No. 97-P-0098, unreported, 1998 Ohio App. LEXIS 4530 at *6-7; State v. Heiney (Sept. 28, 2001), 11th Dist. No. 2000-P-0081, 2001 Ohio App. LEXIS 4434 at *7.
 {¶ 35} Next, appellant argues there was uncertainty as to the actual bottle number utilized in the calibrations. He supports his argument by pointing to Deputy Hoffman's testimony on direct examination where, while referring to State's Exhibit A, Deputy Hoffman stated that the bottle number used to calibrate the machine was "1085, or 1058." The transcript reveals that on cross-examination, Deputy Hoffman indicated that he was unaware that he had inadvertently said "1085 or 1058" on direct examination. He further stated that the documents in State's Exhibit A indicate that the bottle number was 1085. Review of the documents, in fact, shows that the bottle number used in both calibrations was 1085. Deputy Hoffman's single misstatement in no way affects the authenticity or admissibility of the exhibit.
 {¶ 36} Because the state established substantial, if not strict, compliance with the ODH regulations, the burden shifted to appellant to demonstrate prejudice from any lack of strict compliance. While appellant alleges prejudice, he does not establish prejudice. Thus, even if appellant had specifically objected at trial, and even if the state failed to establish strict compliance with ODH regulations, appellant's arguments are without merit due to his failure to demonstrate prejudice.
 {¶ 37} Appellant's sole assignment of error lacks merit.
 {¶ 38} Based on the foregoing, the judgment of the Portage County Municipal Court, Ravenna Division is hereby affirmed.
DONALD R. FORD, J., DIANE V. GRENDELL, J., concur.