OPINION
Bryce Matson ("appellant") appeals a judgment from the Seneca County Municipal Court finding him guilty of Driving Under the Influence of Alcohol, in violation of 4511.19(A)(1). For the reasons stated herein, we affirm the decision of the trial court.
The relevant facts and procedural history are as follows: On February 4, 2001, the appellant was stopped by a police officer on suspicion of driving under the influence. The officer who made the initial stop was not yet qualified to administer field sobriety tests. Therefore, after checking the appellant's license and registration, he called another officer to the scene. That officer administered the field sobriety tests and the appellant was taken into custody. At the station, the appellant submitted to a BAC test.
Prior to trial, the appellant filed a motion to suppress the results of both the field sobriety test and the BAC test. The trial court granted the motion in part, finding that the field sobriety tests were not administered in strict compliance with standardized testing procedures and, thus, were inadmissible to establish probable cause. However, the trial court found that sufficient probable cause for the appellant's arrest was established independent of the field sobriety tests. The motion to suppress was denied with respect to the results of the BAC test and the use of the field sobriety tests as evidence at trial.
The appellant ultimately pled no contest to the charges against him. He was sentenced to serve 20 days in jail (17 of which were suspended) and one year probation, pay a $250 fine, his license was suspended, and he received six points on his license.
The appellant now appeals, asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred by failing to suppress evidence of the defendant's performance on field sobriety tests that were not conducted in strict compliance with the National Highway Traffic Safety Administration's Standardized Field Sobriety Testing Student Manual.
 The appellant argues that the results of his field sobriety tests should have been suppressed because they were not conducted in strict compliance with national standards.
We note that appellate review of a decision on a motion to suppress evidence presents mixed questions of law and fact.[1] At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility.[2] The weight of the evidence is also primarily for the trier of fact.[3]
A reviewing court must accept a trial court's factual findings if they are supported by competent, credible evidence.[4] Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard.[5] That is, we must review the trial court's application of the law de novo.[6]
In the instant case, the trial court reviewed the evidence presented to it at the motion hearing and concluded that there was no evidence to show that the tests had been properly performed. He noted that the arresting officer did not administer the tests himself and that he did not observe the other officer performing the tests. A review of the record shows that the officer who performed the tests did not testify at the hearing and that the arresting officer was not even qualified to perform field sobriety tests at the time of the arrest. Because the trial court's factual findings are supported by competent, credible evidence, we accept them as true.
Based on its factual findings, the trial court determined that the field sobriety tests should be suppressed for the purpose of determining whether probable cause existed to arrest the appellant. The trial court based this decision on State v. Homan,[7] wherein the Ohio State Supreme Court held: "In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures."[8] Thus, we find that the field sobriety tests were properly suppressed for the purpose of determining probable cause.
The trial court refused to suppress the field test for trial purposes, stating that the tests were not scientific evidence, but rather "an opportunity for the jury to apply their life experience with regard to evidence of sobriety and the lack thereof." The appellant asks us to review this decision of the trial court, citing Defiance v.Kretz[9] for the proposition that his plea of no contest does not preclude him from appealing an adverse ruling on a motion to suppress.
The Kretz case dealt with an appeal from a motion to suppress the results of a breathalyzer test. The Court concluded that a plea of no contest did not waive an appellant's right to appeal an adverse ruling on the motion.[10] The rationale behind this determination was that where an adverse ruling on a motion to suppress destroys a defendant's defense to the charge against him, judicial economy is served by allowing an appeal of the pivotal issue.[11]
We find the rationale behind Kretz to be inapplicable to the case at bar. The trial court in this case did not rule in a manner that destroyed the appellant's defense to the charges against him. By ruling that the credibility of the field sobriety tests should be determined by the jury at trial, the trial court in no way conclusively ruled on the validity of those tests. Accordingly, the appellant was not foreclosed from presenting at trial the defense that the tests were improperly performed. Therefore, we do not believe that Kretz gives us the authority to address the issue raised by the appellant.
Accordingly, the appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred to the prejudice of the appellant by admitting into evidence a breath test result after the appellee failed to prove substantial compliance with the Ohio Department of Health Rules and Regulations Governing the Administration of Breath Tests.
 The appellant contends that the trial court erred in denying a motion to suppress the results of his BAC test. He claims that the State failed to prove that it substantially complied with Ohio Department of Health ("ODH") regulations in that (1) the test instrument was not checked to detect RFI using a hand-held radio normally used by the law enforcement agency, as required by OAC 3701-53-04(A)(2), and (2) the calibration solution container was not retained for reference until the calibration solution was discarded, as required by OAC 3701-53-04(C).
The state is not required to show rigid compliance with ODH regulations because such compliance is not always humanly or realistically possible.[12] Rather, in order to demonstrate the admissibility of challenged breath-alcohol test results, the state must show substantial compliance with the methods and procedures set forth in the Ohio Administrative Code.[13]
The State obtained several affidavits in relation to the appellant's motion to suppress. Several of them are by the officers who checked the calibration of the BAC machine prior to the appellant's test. These affidavits state that an RFI test was performed in accordance with OAC3701-53-04(A)(2) by a senior operator. However, the state presented no affidavit from the individual who actually performed the RFI test, nor was there any evidence regarding the date on which the test was performed, or, more importantly, the results of the test. Furthermore, the record is void of any evidence, beyond the assertions made in the officers' affidavits, to show that the RFI was performed in accordance with OAC 3701-53-04(A)(2).
We addressed this exact issue recently in State v. Lauer,[14] wherein we held identical evidence to be insufficient to show substantial compliance with the requirements of the administrative code. This is especially true where, as is the case here, the state has notice, through the appellant's motion to suppress, that the validity of the RFI test is at issue. Therefore, we find that the state failed to meet its burden to show substantial compliance with OAC 3701-53-04(A)(2).
We note that the appellant pled no contest after his motion to suppress was denied. However, there is ample evidence to support a guilty verdict under R.C. 4511.19(A)(1) against the appellant even without the introduction of the field sobriety tests or the BAC test. Specifically, the appellant was speeding, made a wide turn and rolled his front right tire onto the curb. The appellant had alcohol on his breath, red eyes, fumbled while looking for his insurance card, and admitted to having consumed two or three beers a couple hours prior to the stop.
Accordingly, the appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred in denying the appellant's motion to suppress evidence where the police officer lacked probable cause to justify the arrest of the appellant.
 The appellant essentially asserts that it was error for the trial court to find that probable cause existed for his arrest. We disagree with the appellant.
The appellant contends that his arrest occurred before any field sobriety tests where administered. We find this contention to be academic because the field sobriety tests were deemed inadmissible to determine probable cause for the arrest. Thus, the issue we must determine is whether, excluding the evidence elicited from the field sobriety tests, the officer had probable cause to arrest the appellant for driving under the influence.
The standard for determining the existence of probable cause is whether a reasonable prudent person would believe that the defendant committed a crime.[15] The arresting officer stated in his affidavit that he observed the appellant speeding and making a wide turn and that when he pulled him over, the appellant's front right tire rolled onto the curb. Furthermore, according to the officer, the appellant had alcohol on his breath, red eyes, and fumbled while looking for his insurance card. The appellant admitted to having consumed two or three beers a couple hours prior to the stop. Based on a review of the evidence, we conclude that a reasonable prudent person could have believed that the appellant was driving under the influence of alcohol.
Accordingly, the appellant's third assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS, P.J., and BRYANT, J., concur.
[1] United States v. Martinez (C.A.11, 1992), 949 F.2d 1117,1119.
[2] See, e.g., State v. Carter (1995), 72 Ohio St.3d 545, 552;State v. Mills (1992), 62 Ohio St.3d 357, 366, certiorari denied (1992), 505 U.S. 1227, citing State v. Fanning (1982), 1 Ohio St.3d 19,20.
[3] State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus; State v. Smith (1997), 80 Ohio St.3d 89, 105; Statev. Brooks (1996), 75 Ohio St.3d 148, 154; Fanning,1 Ohio St.3d at 20.
[4] State v. Guysinger (1993), 86 Ohio App.3d 592, 594.
[5] State v. Anderson (1995), 100 Ohio App.3d 688, 691.
[6] Id.
[7] (2000), 89 Ohio St.3d 421.
[8] Id. at paragraph one of the syllabus.
[9] (1991), 60 Ohio St.3d 1.
[10] Kretz, 60 Ohio St.3d 1, syllabus.
[11] Id. at 4.
[12] State v. Plummer (1986), 22 Ohio St.3d 292, 294.
[13] Id. at 294.
[14] (October 15, 2001), Seneca App. No. 13-01-10, unreported.
[15] State v. Timson (1974), 38 Ohio St.2d 122.