{¶ 45} For the reasons that follow, I respectfully dissent. Appellant claims in his first two assignments of error that he did not receive a fair trial because the trial court abused its discretion by excluding impeachment evidence of the complaining witness. However, a review of the record shows that there was no objection raised prior to or during the trial; therefore, appellant has failed to preserve this issue for appeal.
 {¶ 46} Evid.R. 103(A)(2) states in pertinent part that, "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and * * * the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."
 {¶ 47} In the case at bar, the trial court noted at the March 26, 2002, hearing that because the victim had dismissed her civil action against appellant, it was not pertinent to the instant criminal matter. Appellant failed to raise any challenge to this ruling.
 {¶ 48} The trial court's order must be viewed in the same light as an order granting a motion in limine. As such, appellant and appellee were prevented from raising any issues other than those events charged in the indictment, pursuant to the June 7, 2002, hearing in which the trial court stated, "the evidence will be limited to what is set forth in the indictment." Again, appellant did not object or challenge the trial court's order.
 {¶ 49} As the Court stated in Defiance v. Kretz (1991),60 Ohio St.3d 1, 4:
 {¶ 50} "[a] motion in limine is tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial. In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted. State v.Grubb (1986), 28 Ohio St.3d 199, 201-202, * * *." (Parallel citations omitted.)
 {¶ 51} According to Grubb:
 {¶ 52} "[t]he question necessarily arises whether the granting of a motion in limine relieves opposing counsel of the burden of making a proffer of the evidence when the issue becomes ripe for consideration during the course of the trial. Stated otherwise, does the issuance of a motion in limine, in and of itself, preserve the record for opposing counsel on appeal? We conclude that it does not, except where the exclusion of the evidence affects a substantial right and the substance of the excluded evidence is apparent from the context of questioning by counsel who later seeks to predicate as error the exclusion of the evidence." [Emphasis sic.] Id., at 202, citing, State v. Gilmore (1986),28 Ohio St.3d 190, 191. "At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal." Grubb at 203.
 {¶ 53} In support of his position, appellant cites State v.Ferguson (1983), 5 Ohio St.3d 160. As the trial court stated in its August 9, 2002, judgment entry denying appellant's motion for a new trial:
 {¶ 54} "an examination of the Ferguson case reveals that it is readily distinguishable from the case sub judice. [Appellant] never laid a foundation, asked or proffered any question to the victim regarding seeking legal advice as to a civil action for damages. [Appellant's] claim of bias or error is only a strategy ploy as fuel for this motion for new trial or an appeal. At one of the pre-trials it was disclosed by counsel that a civil law suit had been filed by the victim against [appellant] * * *. [However] no civil trial existed between the victim and [appellant] at [the] time of trial. Furthermore, the testimony of the victim at trial was consistent with the testimony given at trial by the investigation officer. [Appellant's] attorney did not object to the limitations nor did he proffer." At no time during the trial did appellant attempt to ask the victim-witness about the prior filing and dismissal of a civil lawsuit. Appellant was appropriately prevented from pursuing this line of questioning during the cross examination of Matthew Mocilnikar because a response would have been hearsay and not within the witness' personal knowledge. I would therefore find that the trial court properly denied appellant's motion for a new trial.
 {¶ 55} Pursuant to Crim.R. 33(A), no specific irregularity, abuse of discretion, or error of law existed which prevented appellant from having a fair trial. Also, based on Grubb, supra, and Evid.R. 103(A)(2), appellant failed to make any such proffer and therefore, waived his right to object to the evidentiary issue on appeal. Thus, appellant's first and second assignments of error are without merit.
 {¶ 56} In his third assignment of error, appellant argues that the trial court committed plain error and denied appellant his right to a fair trial by permitting a police officer and the prosecutor to opine as to the victim's and appellant's credibility. Appellant specifically contends that he was denied his due process rights and a fair trial when the state's lead detective "vouched" for the credibility of the complaining witness. Also, appellant stresses that his right to a fair trial was seriously prejudiced by the gross misconduct of the prosecutor during closing arguments.
 {¶ 57} State v. Jenks (1991), 61 Ohio St.3d 259, 282, states:
 {¶ 58} "`(* * *) `notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' State v. Long
(1978), 53 Ohio St.2d 91 * * *, paragraph three of the syllabus. Plain error does not exist unless, but for the error, the outcome at trial would have been different. State v. Moreland (1990), 50 Ohio St.3d 58,62, * * *.' State v. Watson (1991), 61 Ohio St.3d 1, 6, * * *." (Parallel citations omitted.)
 {¶ 59} The Court in State v. Slagle (1992), 65 Ohio St.3d 597,607, stated:
 {¶ 60} "When we review a prosecutor's closing argument we ask two question: `whether the remarks were improper and if so, whether they prejudicially affected substantial rights of the defendant.' State v.Smith (1984), 14 Ohio St.3d 13, 14. The closing argument is considered in its entirety to determine whether it was prejudicial. State v. Moritz
(1980), 63 Ohio St.2d 150, 157." (Parallel citations omitted). "[A] prosecutor has wide latitude in closing arguments. As long as an improper comment is isolated and does not deprive the defendant of a fair trial, it will not constitute reversible error." State v. Bleasdale (Sept. 6, 1996), 11th Dist. No. 95-A-0047, 1996 Ohio App, LEXIS 387, at 6.
 {¶ 61} Evid.R. 608(A) states in pertinent part:
 {¶ 62} "[t]he credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitation: (1) the evidence may refer only to character for the truthfulness or untruthfulness, and (2) evidence of truthfulness has been attacked by opinion or reputation evidence or otherwise."
 {¶ 63} In the instant matter, appellant contends that during direct examination of Cassandra, appellee improperly elicited her opinion as to the victim's truthfulness. Also, appellant argues that Detective Collier improperly gave his opinion regarding the truth of the victim's statements to the Mentor Police Department in which she recounted the alleged events. As such, appellant stresses that Detective Collier's statement, coupled with Cassandra's testimonial "vouching" were completely improper and highly prejudicial. I disagree.
 {¶ 64} It is evident from the record that the victim's character for truthfulness was being attacked from a review of appellant's opening remarks and throughout the cross-examination of the victim. During the opening remarks, appellant's counsel put the victim's character for truthfulness into issue when he stated that, "[i]f you are going to tell a story, better make sure you tell the same story to everyone. More importantly, that story has to be at least possible." During the cross-examination of the victim, appellant's counsel challenged her statements and recollection of events, which put the victim's truthfulness at issue. As such, the statements made by Cassandra and Detective Collier, to which no objections were raised by appellant's counsel, were proper, pursuant to Evid.R. 608(A). Thus, according toJenks, supra, and Crim.R. 52(B), the foregoing witness statements do not rise to the serious nature of plain error.
 {¶ 65} Appellant also argues that his right to a fair trial was seriously prejudiced by the gross misconduct of the prosecutor during her closing argument. I disagree. Appellant, during both direct and cross-examination, indicated that the victim was lying. The jury heard and analyzed each witness' testimony, as well as the tape recordings of the conversations between appellant and victim. In her closing remarks, the prosecutor put the victim's credibility for truthfulness into play by proclaiming to the jury that they should believe both the victim, and Detective Collier, rather than appellant.
 {¶ 66} Based on Slagle, supra, in reviewing the prosecutor's closing argument, we must ask whether the remarks were improper and if so, whether they prejudicially affected appellant's substantial right. Even assuming arguendo that the prosecutor's statements were improper, there is no showing that they prejudicially affected appellant's substantial rights. Therefore, pursuant to Bleasdale, supra, even assuming that the prosecutor's comments were improper, they were isolated, and thus do not constitute reversible error. Appellant's third assignment of error is without merit.
 {¶ 67} In summary, I find that the trial court did not abuse its discretion in the admission of evidence and that appellant received a fair trial. Accordingly, I would affirm the conviction.