OPINION *Page 2 
{¶ 1} Defendant-appellant Leann Shokery appeals her conviction and sentence entered by the Delaware Municipal Court on one count of operating a motor vehicle with a prohibited concentration of alcohol in her breath, in violation of R.C. 4511.19(A)(1)(d), following appellant's entering a plea of no contest. Plaintiff-appellee is the State of Ohio[1]
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 14, 2006, Officer Jason Berner of the Genoa Township Police Department stopped Appellant's vehicle after observing the vehicle's tires cross over the marked lanes. Officer Berner asked Appellant to exit the vehicle, and noted she had difficulty maintaining her balance as she did so. Appellant subsequently advised the officer these difficulties were the result of physical and neurological injuries she suffered as a passenger in a recent motor vehicle accident.
 {¶ 3} Officer Berner administered a series of standardized field sobriety tests, including the horizontal gaze nystagmus test, the walk and turn, and the one leg stand. The officer also administered a non-standardized field sobriety test, to wit: asking Appellant to recite the alphabet from B to X. Upon completion of the tests, Officer Berner placed Appellant under arrest for driving while impaired, in violation of R.C. 4511.19(A)(1)(a), and transported her to the Genoa Township Police Department. Lieutenant Greg Yorkovich read the BMV 2255 Form to Appellant who indicated her decision to submit to a breath test. The result of the breath test was .144 grams of *Page 3 
alcohol per 210 liter of breath, a reading over the legal limit. As such Appellant was additionally charged with the offense of driving a motor vehicle with a prohibited blood alcohol content, in violation of R.C.4511.19(A)(4), which was subsequently amended to R.C. 4511.19(A)(1)(d).
 {¶ 4} Appellant appeared before the trial court on April 20, 2006, and entered a plea of not guilty. Appellant filed a motion to dismiss/suppress evidence, alleging, among other things, inter alia, the BAC operator did not substantially comply with department of health regulations when administering Appellant's breath test. Specifically, Appellant argued the police department failed to retain all test results from the instrument used to obtain Appellant's breath sample for a period of not less than three years as required by the Ohio Administrative Code and the Ohio Department of Health.
 {¶ 5} The trial court conducted a hearing on the motion on June 28, 2006. Via Judgment Entry filed January 7, 2006, the trial court denied Appellant's motion to suppress on all grounds except the results of the horizontal gaze nystagmus test, which the trial court suppressed. On August 29, 2006, Appellant appeared before the trial court and withdrew her former plea of not guilty and entered a plea of no contest to the charge. The State dismissed the other charges. Appellant stipulated to a finding of guilty. Via Judgment Entry dated August 29, 2006, the trial court memorialized Appellant's conviction and sentence.
 {¶ 6} It is from this conviction and sentence, Appellant appeals, raising the following assignment of error: *Page 4 
 {¶ 7} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT ADMITTED INTO EVIDENCE A BREATH TEST AFTER THE PROSECUTION HAD FAILED TO PROVE SUBSTANTIAL COMPLIANCE WITH THE OHIO DEPARTMENT OF HEALTH RULES AND REGULATIONS GOVERNING WEEKLY INSTRUMENT CHECKS OF THE MACHINE WHICH PRODUCED DEFENDANT-APPELLANT'S TEST RESULT."
 I {¶ 8} In her sole assignment of error, Appellant maintains the trial court erred in denying her motion to suppress the results of her breath test as the State had failed to prove substantial compliance with the Ohio Department of Rules and Regulations governing record keeping of weekly instrument checks.
 {¶ 9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must *Page 5 
independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysinger As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 10} Ohio Adm. Code 3701-53-04 provides:
 {¶ 11} "(A) Approved evidential breath testing instruments shall be checked for calibration no less than once every seven days * * * using the calibration checklist for the instrument being checked * * *
 {¶ 12} "(1) * * * The results of a calibration check shall be recorded on a calibration checklist. A calibration solution shall not be used more than three months after its date of first use. The date of first use for the calibration solution and its identification data shall be recorded on the calibration checklist used for that calibration check.
 {¶ 13} "(2) Results of a calibration check which are outside the range specified in paragraph (A)(1) of this rule shall be confirmed by the senior operator using another bottle of calibration solution, which may be from any approved lot. If this calibration check also is out of the range, the instrument shall be taken out of service until the problem has been corrected.
 {¶ 14} "* * * *Page 6 
 {¶ 15} "(C) Results of calibration checks and records of calibration, maintenance and repairs shall be identified and retained, in accordance with paragraph (A) of rule 3701-53-01 of the Administrative Code."
 {¶ 16} Ohio Adm. Code 3701-53-01(A) mandates "[t]he results of the tests shall be identified and retained for not less than three years."
 {¶ 17} At the suppression hearing, Officer Craig Jones, a certified senior operator, testified he calibrated the Intoxilizer 5000, the machine used by the department, on April 12, 2006, two days prior to the administration of Appellant's breath test. The results of the April 12, 2006 calibration check measured within the permissible parameters. On April 19, 2006, Officer Jones performed the weekly calibration test on the machine. The results of that weekly calibration test did not measure within the permissible parameters. Officer Jones checked the machine and ran additional tests, but the results continued to be outside the range. The officer presumed the solution was bad and opened a new bottle. The calibration check with the new solution was within the tolerances. Officer Jones testified the results of the failed calibration check were not recorded on a calibration checklist and the records were not retained as it was the practice of the police department to discard records of failed tests.
 {¶ 18} In State v. Griffith (Sept. 21, 1988), Summit App. No. 13551, unreported, the Ninth District Court of Appeals concluded Ohio Adm. Code3701-53-01 "requires the calibrating officer to record all calibration tests, successful as well as unsuccessful." The Ninth District noted all calibration checks needed to be recorded so the record of a particular machine was not substantially misleading or prejudicial. Id. The Eleventh District, citing Griffith, found Ohio Adm. Code 3701-53-04(A)(1) and (C) "state in *Page 7 
unqualified terms that results of calibration checks and records of calibration shall be identified and retained * * * [and] that compliance with these provisions requires all calibration checks to be recorded."State v. Hominsky (1995), 107 Ohio App.3d 787.
 {¶ 19} We agree with the Ninth and Eleventh Districts and hold, in order to comply with Ohio Adm. Code 3701-53-01 and 3701-53-04, the calibrating officer must record the results of all of the calibration checks, successful as well as unsuccessful. When determining whether a defendant committed the per se offense of operating a motor vehicle with a prohibited breath alcohol content, the trier of fact is not required to find the defendant operated a motor vehicle while under the influence of alcohol or drugs, but only that the defendant's chemical test reading was at the prescribed level and the defendant operated a motor vehicle within the state. See Defiance v. Kretz (1991), 60 Ohio St.3d 1. Therefore, the accuracy of the test results is a critical issue in determining a defendant's guilt or innocence. Id. The nearly irrebuttable nature of the per se offense requires adherence to established procedures to insure the accuracy and reliability of BAC Verifiers. See, Hominsky, supra, citing State v. Vega (1984),12 Ohio St.3d 185.
 {¶ 20} Because the weekly calibration test results immediately following Appellant's breath test was invalid and the police department failed to keep and/or record that result, we find Appellant has established sufficient non-compliance with the regulations to warrant reversal in this case.
 {¶ 21} Appellant's sole assignment of error is sustained. *Page 8 
 {¶ 22} The judgment of the Delaware Municipal Court is reversed and the matter remanded for further proceedings consistent with this decision and the law.
 By: Hoffman, J. Gwin, P.J. and Edwards, J. concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware Municipal Court is reversed and the matter remanded for further proceedings consistent with this decision and the law. Costs assessed to the State.
[1] The State of Ohio has not filed a brief in this matter. *Page 1