OPINION *Page 2 
{¶ 1} Appellant, Donald E. Watson, appeals from the March 20, 2006 Judgment Entry of the Mount Vernon Municipal Court which denied appellant's Motion to Suppress the results of appellant's urinalysis. Appellant was subsequently convicted by the trial court of operating a motor vehicle under the influence of alcohol under R.C. §4511.19(A)(1)(e),
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 2, 2005, appellant was traveling westbound on Columbus Road in Knox County, Ohio, when he made a left turn onto U.S. Route 36 without using his turn signal. Trooper Johnson with the Ohio State Highway Patrol observed this turn and subsequently observed appellant's vehicle weaving in the lane and traveling off the right side of the roadway, outside the marked west bound lane. Trooper Johnson stopped the appellant and requested appellant's driver's license, registration to his vehicle and proof of insurance. With some difficulty, appellant produced the documentation. Trooper Johnson then requested that the appellant exit his vehicle and sit in the patrol car.
 {¶ 3} As appellant was moving toward the patrol car, the Trooper observed that appellant's balance was unsteady and that he swayed as he walked. Once in the patrol car, the Trooper smelled an odor of alcohol. Appellant admitted to consuming three beers at a party earlier in the evening.
 {¶ 4} Appellant agreed to submit to field sobriety tests. The Trooper observed all six (6) clues for HGN, four (4) clues on the one leg stand and four (4) clues on the walk and turn test. *Page 3 
 {¶ 5} Appellant was then arrested for operating a vehicle while under the influence of alcohol and charged with a violation of R.C. §4511.19(A)(1)(a). He was also charged with violating R.C. § 4511.39, failure to signal, and R.C. § 4511.33, failure to drive in the marked lane.
 {¶ 6} Appellant was transported to the Knox County Jail where he was read and shown the BMV Form 2255. Appellant then submitted to a urine test. The Trooper packaged the urine and submitted the sample to the Ohio State Highway Patrol laboratory for testing.
 {¶ 7} The specimen was analyzed in accordance with the Ohio Department of Health regulations. The test results were 0.158 grams by weight of alcohol per one hundred milliliters of urine.
 {¶ 8} On September 22, 2005, Trooper Johnson charged appellant with a violation of R.C. § 4511.19(A)(1)(e) based on the urine results.
 {¶ 9} Appellant filed a Motion to Suppress arguing that the test of a first void urine sample is scientifically unreliable.
 {¶ 10} On March 7, 2006, a hearing was held on the Motion to Suppress in the Mount Vernon Municipal Court.
 {¶ 11} On March 20, 2006, the trial court overruled the Motion to Suppress.
 {¶ 12} On June 20, 2006, the prosecution dismissed all of the charges except the violation of R.C. § 4511.19(A)(1)(e). A bench trial was held and the trial court found appellant guilty and he was sentenced.
 {¶ 13} It is from the denial of the Motion to Suppress and subsequent conviction and sentence that appellant appeals and raises the following two assignments of error: *Page 4 
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE THE RESULTS OF THE TEST OF THE DEFENDANT'S URINE BECAUSE THE URINE SAMPLE TESTED WAS THE `FIRST VOID' SAMPLE COLLECTED AND NOT THE `SECOND VOID' AS REQUIRED BY ACCEPTED SCIENTIFIC PRINCIPLES.
 {¶ 15} "II. THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 16} In his first assignment of error, appellant argues that the trial court should not have admitted the results of the first void urine test into evidence because the results are scientifically unreliable.
 {¶ 17} There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress.
 {¶ 18} First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19,437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger
(1993), 86 Ohio App.3d 592, 621 N.E.2d 726.
 {¶ 19} Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141, reversed on other grounds. *Page 5 
 {¶ 20} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172;State v. Claytor (1993), 85 Ohio App.3d 623, 620 N.E.2d 906.
 {¶ 21} In this case, appellant is attacking the scientific reliability of testing the first void of a urine test for alcohol. First, this Court must look at the statutory and corresponding administrative code regulations for guidance.
 {¶ 22} R.C. § 4511.19(D)(1) explains the procedure for the collection and analysis of bodily substances for evidentiary purposes for a violation of R.C. § 4511.19(A). R.C. § 4511.19(D)(1) states that "[t]he bodily substance withdrawn shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director pursuant to section 3701.143 of the Revised Code."
 {¶ 23} R.C. § 3701.143 states:
 {¶ 24} "For purposes of sections 1547.11, 4511.19, and 4511.194 of the Revised Code, the director of health shall determine, or cause to be determined, techniques or methods for chemically analyzing a person's whole blood, blood serum or plasma, urine, breath, or other bodily substance in order to ascertain the amount of alcohol, a drug of abuse, controlled substance, metabolite of a controlled substance, or combination of them in the person's whole blood, blood serum or plasma, urine, breath, or other bodily *Page 6 
substance. The director shall approve satisfactory techniques or methods, ascertain the qualifications of individuals to conduct such analyses, and issue permits to qualified persons authorizing them to perform such analyses. Such permits shall be subject to termination or revocation at the discretion of the director."
 {¶ 25} R.C. § 4511.19(A)(1)(e) outlines the amount of alcohol in the urine necessary to prove a per se impairment:
 {¶ 26} "No person shall operate any vehicle . . . if, at the time of the operation, . . . [t]he person has a concentration of eleven-hundredths of one gram or more but less than two hundred thirty-eight-thousandths of one gram by weight of alcohol per one hundred milliliters of the person's urine."
 {¶ 27} Ohio Administrative Code 3701-53-05(D), (E) and (F) discuss the collection and handling of blood and urine specimens:
 {¶ 28} "(D) The collection of a urine specimen must be witnessed to assure that the sample can be authenticated. Urine shall be deposited into a clean glass or plastic screw top container which shall be capped, or collected according to the laboratory protocol as written in the laboratory procedure manual.
 {¶ 29} "(E) Blood and urine containers shall be sealed in a manner such that tampering can be detected and have a label which contains at least the following information:
 {¶ 30} "(1) Name of suspect;
 {¶ 31} "(2) Date and time of collection;
 {¶ 32} "(3) Name or initials of person collecting the sample; and
 {¶ 33} "(4) Name or initials of person sealing the sample. *Page 7 
 {¶ 34} "(F) While not in transit or under examination, all blood and urine specimens [SIC] shall be refrigerated."
 {¶ 35} Appellant argues that testing on the first void urine specimen is scientifically unreliable. Appellant's expert testified at length to explain why the second void is more scientifically reliable than the first void. This Court must look to the Ohio Director of Health on this issue. The Ohio Director of Health is silent on whether the urine sample collected should be the first or second void. It is clear that the "Director of Health, and not the judiciary, has been entrusted with ensuring the reliability of blood-alcohol test results through regulations-precisely because the former possesses the scientific expertise that judges do not have." State v. Mayl (2005),106 Ohio St.3d, 207, 217, 833 N.E.2d 1216.
 {¶ 36} Since there is silence on this issue, this Court will not presume to determine whether it is necessary to test the first or second void. This is a decision that should be left up to the Ohio Director of Health.
 {¶ 37} The trial court analyzed the issue correctly when it stated that:
 {¶ 38} "The Ohio Supreme Court in Mayl, also, decided that the procedures set forth in R.C. 4511.19(D)(1) and Ohio Adm. Code Chapter 3701-53 are the exclusive methods to scientifically determine the blood alcohol content of the test subject and so long as there is substantial compliance with those sections of law, the test results are admissible." Journal Entry dated March 20, 2006.
 {¶ 39} Accordingly, this Court overrules Appellant's First Assignment of Error. *Page 8 
 II. {¶ 40} In his Second Assignment of Error, appellant argues the trial court's finding of guilty was against the manifest weight of the evidence.
 {¶ 41} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 42} R.C. § 4511.19(A)(1)(e) states:
 {¶ 43} "No person shall operate any vehicle . . . if, at the time of the operation, . . . [t]he person has a concentration of eleven-hundredths of one gram or more but less than two hundred thirty-eight-thousandths of one gram by weight of alcohol per one hundred milliliters of the person's urine."
 {¶ 44} All the prosecution needs to prove is that the defendant's concentration exceeds eleven-hundredths of one gram by weight of alcohol per on hundred milliliters of urine. *Page 9 
 {¶ 45} In this case, the State Highway Patrol Crime Lab report states that the alcohol result was "0.158 grams by weight of alcohol per one hundred milliliters (grams percent) of urine."
 {¶ 46} This Court has reviewed the record and finds there was sufficient evidence to establish appellant violated R.C. §4511.19(A)(1)(e).
 {¶ 47} Appellant's Second Assignment of Error is overruled.
 {¶ 48} The judgment of the Mount Vernon Municipal Court is affirmed.
 By: Delaney, J. Wise, P.J. and Edwards, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court is affirmed. Costs assessed to appellant. *Page 1