[Cite as *State v. Klintworth* , 2011-Ohio-3553.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA40 |
| | : | |
| vs. | : | **Released: July 13, 2011** |
| | : | |
| WILLIAM T. KLINTWORTH, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Nathan Kott, West Salem, Ohio, for Appellant.

Roland W. Riggs, III., Marietta City Law Director, and Mark. C. Sleeper, Marietta City Assistant Law Director, Marietta, Ohio, for Appellee.
_____

McFarland, J.:

{¶1} Appellant, William Klintworth, appeals the decision and judgment of the Marietta Municipal Court entered after a jury found him guilty of OVI per se, in violation of R.C. 4511.19(A)(1)(e). On appeal, Appellant raises four assignments of error, contending that: 1) the trial court abused its discretion and committed reversible error when it granted the state's motion in limine suppressing portions of his expert's testimony; 2) the judgment of the trial court is against the manifest weight of the evidence; 3) the application of R.C. 4511.19(A)(1)(e) is a violation of due

process because the uncontroverted expert opinion demonstrates that a person of ordinary intelligence cannot comply with the statute's mandate; and 4) the selective and arbitrary imposition of blood and urine tests results in treating similarly situated individuals differently for no rational reason, which is a violation of the Equal Protection Clauses of the Ohio and United States Constitutions.

{¶2} In light of our conclusion that the testimony proffered by the expert would have constituted an impermissible attack on the general reliability of Ohio's approved method for determining alcohol concentration in urine, the trial court did not err in granting the State's motion in limine and thereby excluding such testimony. Thus, Appellant's first assignment of error is overruled. Further, based upon our conclusion that the State presented substantial evidence upon which the jury could reasonably conclude that all essential elements of the offense of OVI per se had been established beyond a reasonable doubt, Appellant's second assignment of error is overruled.

{¶3} Finally, as Appellant failed to raise the constitutional challenges to R.C. 4511.19 set forth in his third and fourth assignments of error, he cannot raise them for the first time on appeal. As such, we decline to

address them.  Accordingly, the decision and judgment of the trial court is affirmed.

FACTS

{¶4} Appellant was stopped for a marked lanes violation at approximately 8:30 p.m. on the evening of February 3, 2010, while a driving a vehicle owned by his passenger and friend.  Trooper Gossett, upon noting an odor of alcohol asked Appellant how much he had consumed to which Appellant responded that he had consumed a couple of drinks.  Appellant later told the trooper he had three drinks beginning at about 5:00 p.m., having consumed his last drink about forty-five minutes before the stop.  At the trooper's request, Appellant performed several field sobriety tests and was eventually placed under arrest.  After being arrested, Appellant was transported to the Washington County Jail where he consented to a urine test and was charged with operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a).

{¶5} After the urine test results revealed a prohibited concentration of alcohol in Appellant's urine, the complaint was amended to include a charge that Appellant had operated a vehicle with a concentration of eleven-hundredths of one gram or more but less than two hundred thirty-eight-thousandths of one gram by weight of alcohol per one hundred milliliters of

urine, in violation of R.C. 4511.19(A)(1)(e).  The case proceeded to a jury trial on October 14, 2010.  At trial, the State presented testimony from Trooper Gossett, as well as Mark Hiatt, a criminologist with the Ohio State Highway Patrol Crime Lab, who testified regarding the procedures used to test Appellant' urine, which were in compliance with Department of Health regulations.  Specifically, Hiatt testified Appellant's alcohol level was measured at .172 grams by weight of alcohol per one hundred milliliters of urine, using gas chromatography.

{¶6} Appellant testified on his own behalf and also presented expert testimony from Dr. Alfred E. Staubus, Ph.D. and emeritus faculty member with The Ohio State University's College of Pharmacy.  After granting the State's motion in limine seeking to exclude any testimony from Dr. Staubus "on the issue of first urine void testing and its reliability,"  the trial court permitted Appellant to proffer testimony by Dr. Staubus related to the reliability of first versus second  void urine testing.  Further, Dr. Staubus was permitted to testify before the jury at length regarding his opinion that "urine collection is not a valid reflection of the alcohol in the human body at the time the void is collected" and that the most important factor to know, scientifically, is when a person last voided.  Dr. Staubus was also permitted to testify that whether a urine test is valid or not depends on knowing the last

time the person voided before taking the test, and that in this case, that information is not known.

{¶7} After hearing the evidence presented, the jury acquitted Appellant of the driving under the influence charge, in violation of R.C. 4511.19(A)(1)(a), but convicted Appellant of the OVI per se charge, in violation of R.C. 4511.19(A)(1)(e).  The trial court entered its decision and judgment entry on October 26, 2010, and it is from this decision that Appellant now brings his timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT GRANTED THE STATE'S MOTION IN LIMINE.

II.     THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

III.    THE APPLICATION OF R.C. 4511.19(A)(1)(e) IS A VIOLATION OF DUE PROCESS BECAUSE THE UNCONTROVERTED EXPERT OPINION DEMONSTRATES THAT A PERSON OF ORDINARY INTELLIGENCE CANNOT COMPLY WITH THE STATUTE'S MANDATE.

IV.    THE SELECTIVE, AND ARBITRARY, IMPOSITION OF BLOOD AND URINE TESTS RESULTS IN TREATING SIMILARLY SITUATED INDIVIDUALS DIFFERENTLY FOR NO RATIONAL REASON, WHICH IS A VIOLATION OF THE EQUAL PROTECTION CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS."

ASSIGNMENT OF ERROR I

{¶8} In his first assignment of error, Appellant contends that the trial court abused its discretion and committed reversible error when it granted the State's motion in limine suppressing portions of Appellant's expert's testimony. "The purpose of a motion in limine 'is to avoid injection into [the] trial of matters which are irrelevant, inadmissible and prejudicial[,] and granting of [the] motion is not a ruling on evidence and, where properly drawn, granting of [the] motion cannot be error.' " *State v. Moon*, Adams App. No. 08CA875, 2009-Ohio-4830 at ¶ 27; citing *State v. French*, 72 Ohio St.3d 446, 450, 1995-Ohio-32, 650 N.E.2d 887 (internal citations omitted).

{¶9} The record reveals that the State filed a motion in limine seeking to exclude any testimony from Appellant's expert, Dr. Alfred Staubus, "on the issue of first urine void testing and its reliability," arguing that such testimony essentially amounted to a general attack on urine testing using only a single sample, which it argued was barred by *State v. Vega* (1984), 12 Ohio St.3d 185, 465 N.E.2d 1303, *State v. Columber*, Marion App. No. 9-06-05, 2006-Ohio-5490, and *State v. Peprah*, 139 Ohio Misc.2d 6, 2006-Ohio-4222, 858 N.E.2d 436.

{¶10} The trial court granted the State's motion, finding that:

"* * * a reliability challenge on a specific first void urine test is in essence a challenge to the general reliability of the first void urine test and procedure.

This challenge is precluded by *Vega*, and that this ruling does not violate the defendant's due process rights."

The trial court then permitted Appellant to proffer testimony from Dr. Staubus to the effect that blood testing is much preferred over urine testing in terms of accuracy, and testing of a second urine void is much more accurate than a first urine void. Further, Dr. Staubus was permitted to testify before the jury regarding his opinion that "urine collection is not a valid reflection of the alcohol in the human body at the time the void is collected" and that the most important factor to know, scientifically, is when a person last voided. Dr. Staubus was also permitted to testify that whether a urine test is valid or not depends on knowing the last time the person voided before taking the test, and that in this case, it was not known when Appellant last voided prior to being tested.

{¶11} In *State v. Vega*, the Supreme Court of Ohio held that "an accused may not make a general attack upon the reliability and validity of the breath testing instrument." *Vega* at 190. Admittedly, *Vega* dealt with breath testing rather than urine testing. In *State v. Columber*, supra, the Third District Court of Appeals reasoned that Dr. Staubus' proffered testimony regarding his preference for dual breath testing amounted to an attack upon the reliability of the testing procedures approved by the Director of the Ohio Department of Health. *Columber* at ¶ 13. We conclude that Dr.

Staubus' proffered testimony as to his preference for second void urine testing rather than first void urine testing is akin to his opinions regarding dual breath testing and, as such, we find the reasoning of both *Vega* and *Columber* to be both applicable and persuasive.

{¶12} Our reasoning is supported by other court decisions.  See, *State v. Peprah*, supra, at ¶ 46, (holding that "this court will not allow the defendant to us expert testimony to attack the general reliability or general accuracy of a legislatively determined test procedure – urine testing – as a valid scientific means of determining blood alcohol levels."); *State v. Estep* (1991), 73 Ohio App.3d 609, 598 N.E.2d 96 ("expert testimony designed to impeach the general reliability of Ohio's legislatively determined urine-alcohol testing procedures is clearly inadmissible[,]" relying on *Vega*, supra.); *Wellston v. Brown*, Jackson App. No. 03CA25, 2005-Ohio-532 (Judge Abele, dissenting, reasoned that Dr. Staubus' opinion did not challenge the specific breathalyzer test results but rather was an impermissible attack on the general reliability of alcohol testing, essentially opening the door for future arguments that breath and urine testing are unreliable and only blood tests should be accepted into evidence).

{¶13} This issue was also considered by the Fifth District Court of Appeals in *State v. Watson*, Knox App. No. 06CA000025, 2007-Ohio-2804,

albeit in the context of a motion to suppress, rather than in the context of a motion in limine. In *Watson*, Appellant filed a motion to suppress, which was ultimately denied, arguing that the test of a first void urine sample is scientifically unreliable. *Watson* at ¶ 9. In evaluating what the court deemed an attack "on the scientific reliability of testing the first void of a urine test for alcohol[,]" the court determined it was necessary to "look at the statutory and corresponding administrative code regulations for guidance." Id. at ¶ 21. As such, the court reviewed the pertinent version R.C. 4511.19(D)(1),[1] which governed the procedure for collection and analysis of bodily substances in connection with violations of R.C. 4511.19(A). Id. at ¶ 22. The court also reviewed the former version of R.C. 3701.143, which, just as the version in effect at the time of Appellant's arrest, essentially provides that the director of health shall determine the techniques and methods for chemically analyzing a person's blood, urine, breath and other bodily substances in order to ascertain the amount of alcohol or other controlled substances present therein. Id. at ¶ 23-24.

{¶14} The *Watson* court ultimately determined that the "Ohio Director of Health is silent on whether the urine sample collected should be the first or second void." Id. at ¶ 35. Thus, the court reasoned that "[s]ince there is

---

[1] The version of R.C. 4511.19 in effect at the time of Watson's arrest had an effective date of September 23, 2004. The statute was revised prior to Appellant's arrest and the pertinent provision became numbered as R.C. 4511.19(D)(1)(b).

silence on this issue, this Court will not presume to determine whether it is necessary to test the first or second void. This is a decision that should be left up to the Ohio Director of Health." Id. at ¶ 36. Admittedly, this reasoning was issued in the context of whether or not urine tests should be admitted as part of the State's case, rather than whether a defendant can attack the reliability of the results through expert testimony at trial. Nonetheless, we find the reasoning to be pertinent to the extent that it notes that the Director of Health does not require second void urine testing, rather than first void urine testing. To that that end, we conclude that Dr. Staubus' proffered testimony, which opined that first void urine testing was unreliable, would have constituted an attack on the general reliability of Ohio's legislatively determined urine-alcohol testing procedures, which is clearly impermissible. Thus, we cannot conclude that the trial court erred in granting the State's motion in limine excluding such testimony by Appellant' expert at trial. Accordingly, Appellant first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

{¶15} In his second assignment of error, Appellant contends that the judgment of the trial court is against the manifest weight of the evidence. When determining whether a criminal conviction is against the manifest

weight of the evidence, we "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus; see, also, *State v. Smith*, Pickaway App. No. 06CA7, 2007-Ohio-502 at ¶ 41. We "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted." *Smith* at ¶ 41, citing *State v. Garrow* (1995), 103 Ohio App.3d 368, 370–371, 659 N.E.2d 814; *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. However, "[o]n the trial of a case, * * * the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass* (1967) 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.

{¶16} R.C. § 4511.19(A)(1)(e) states as follows:

"No person shall operate any vehicle ... if, at the time of the operation, ... [t]he person has a concentration of eleven-hundredths of one gram or more but less than two hundred thirty-eight-thousandths of one gram by weight of alcohol per one hundred milliliters of the person's urine."

Thus, the prosecution needed only to prove that that Appellant's concentration exceeded eleven-hundredths of one gram by weight of alcohol per one hundred milliliters of urine.

{¶17} Here, the State Highway Patrol Crime Lab report states that the alcohol result was "0.172 grams by weight of alcohol per one hundred milliliters (grams percent) of urine." Appellant contends that such a concentration, if correct, would indicate substantial intoxication, and argues that the fact that the jury acquitted him of the "under the influence" charge further bolsters his argument that the urine test results were invalid.

{¶18} R.C. 4511.19 is a strict liability statute. *State v. Sabo*, Franklin App. No. 04AP-1114, 2006-Ohio-1521 at ¶ 18; citing *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 3, 573 N.E.2d 32. When determining whether Appellant committed the "per se" offense set forth in R.C. 4511.19(A)(1)(e), the trier of fact was not required to find that Appellant operated a motor vehicle while under the influence of alcohol or drugs; rather, the trier of fact was only required to find that Appellant's chemical test reading was at the proscribed level and he operated a motor vehicle within the state. *Sabo* at ¶ 18; citing *Kretz*, supra; citing *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 103, 532 N.E.2d 130; see also, *State v. Gordon*, 155 Ohio App.3d 357, 2003-Ohio-6160, 801 N.E.2d 493 at ¶ 57 (concurring opinion noting that an

acquittal on an "impairment" charge is not an affirmative defense to a conviction under a per se violation). As such, we are not persuaded by Appellant's reasoning.

{¶19} Further, after reviewing the record, we find there was sufficient evidence to establish appellant violated R.C. 4511.19(A)(1)(e). Accordingly, Appellant's second assignment of error is overruled.

ASSIGNMENTS OF ERROR III AND IV

{¶20} In his third and fourth assignments of error, Appellant raises facial and as applied constitutional arguments related to R.C. 4511.19(A)(1)(e). Specifically, Appellant claims that the application of R.C. 4511.19(A)(1)(e) is a violation of due process based upon a void for vagueness argument. Appellant further claims that the statute's "selective, and arbitrary, imposition of blood and urine tests results in treating similarly situated individuals differently for no rational reason, which is a violation of the Equal Protection Clauses of the Ohio and United States Constitutions."

{¶21} The State contends that Appellant failed to raise these constitutional arguments at the trial court level and thus has waived them for purposes of appeal. This Court was recently presented with a similar situation in *State v. Countryman*, Washington App. No. 08CA12, 2008-Ohio-6700. As explained in *Countryman*, "App.R. 12(A)(2) states, 'The

court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based[.]' " *Countryman* at ¶ 8. Similar to *Countryman*, Appellant herein does not cite to the record to show where the trial court overruled the issues he now presents for review. Further, our review of the record confirms that Appellant failed to raise these issues in the trial court. Thus, as Appellant failed to raise his constitutional arguments in the trial court, we first address whether he may raise them for the first time on appeal. Id.

{¶22} "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *Countryman* at ¶ 9; citing *State v. Awan* (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus. "The waiver doctrine announced in *Awan* is discretionary." *Countryman* at ¶ 9; citing *In re M.D.* (1988), 38 Ohio St.3d 149, 151, 527 N.E.2d 286.

{¶23} Here, as in *Countryman*, we decline to exercise our discretion to review Appellant's assignment of error and find that he has forfeited his right to raise the constitutional issues asserted in his third and fourth

assignments of error. See also, *State v. Longpre*, Ross App. No. 08CA3017, 2008-Ohio-3832.

{¶24} In addition, however, we note that the Eighth District has briefly considered and rejected such a claim that R.C. 4511.19's "per se" provisions are impermissibly vague. In *State v. Keister*, 8 Ohio Misc.2d 1, 455 N.E.2d 1370, the court was presented with constitutional challenges to Ohio's newly enacted legislation creating "per se" offenses. Refusing to find that the statute was impermissibly vague, the *Keister* court rejected the arguments, reasoning, in part, as follows:

"It is obvious that a person of normal intelligence who is contemplating mixing drinking with driving can understand the statutory prohibition of driving with alcohol in his body exceeding the specified level. Various materials are readily available to the public which explain in common language how one may estimate the amount of alcohol that may be consumed without exceeding the statutory limit. And one obviously can choose to not drink at all if he intends to drive." *Keister* at 2.

We find the reasoning contained in *Keister* to be persuasive. As such, and in light of Appellant's failure to raise these constitutional issues at the trial court level, we decline to address them and they are therefore overruled.

{¶25} Having overruled each of Appellant's assignments of error, the decision and judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.: Concurs in Judgment and Opinion.
Harsha, P.J.: Concurs in Judgment and Opinion as to Assignments of Error II, III, & IV and Concurs in Judgment Only as to Assignment of Error I.

For the Court,


BY:  _____

Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**